■ In the Matter of DINA V. JOHN CLEARY, as Assistant Director, Appellant; RICHARD V. et al., Respondents. — In a proceeding pursuant to article 10 of the Family Court Act to declare Dina V. a neglected child, the appeal is from an order of the Family Court, Nassau County (Loewy, J.), entered December 18, 1980, which dismissed the petition, provided that the respondents together with the child continue in therapy until discharged by the named therapist. Order modified, on the law, by deleting from the second decretal paragraph all language after the word "dismissed". As so modified, order affirmed, without costs or disbursements. We agree with the Family Court's conclusion that Dina is not a neglected child within the meaning of section 1012 of the Family Court Act. However, it was improper for the court to direct that the therapy which the child and her parents had been receiving should continue until the therapist determined it was no longer necessary. The Family Court Act provides authority to impose conditions such as therapy under the supervision of the child protection agency by an adjournment of a child neglect proceeding in contemplation of dismissal, in accordance with the provisions of section 1039 of the Family Court Act, or by utilizing the provisions of sections 1052 and 1053 of the Family Court Act, imposing therapy as a condition to an order of disposition suspending judgment *after* a finding of child neglect. Dismissal of a child neglect petition results in the Family Court having no jurisdiction to impose conditions. There is no provision in the Family Court Act for a

conditional dismissal of a child neglect petition. Based upon the foregoing, and the decision and order in this particular case, wherein the court made a finding that petitioner failed to establish child neglect, the petition must be dismissed without conditions. Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.