OPINION OF THE COURT
Jasen, J.
The critical issue on this appeal is the constitutionality of subdivision (e) of section 1039 of the Family Court Act which authorizes a conclusive finding of parental neglect and the consequent removal of a child, without an actual determination of whether the child has in fact been abused or neglected. Specifically, subdivision (e) of section 1039 provides that parental neglect shall be deemed to exist whenever a court finds that the parent has failed substantially to observe the terms of a previously ordered adjournment in contemplation of dismissal of charges of parental neglect or has failed to cooperate with the supervising child protective agency. Upon such a finding, regardless of whether the parental conduct actually constituted neglect or abuse, the court may proceed directly to a dispositional hearing and order the child removed. Both courts below found the provision to be unconstitutional. We now agree and affirm.
In September, 1979, petitioner Oneida County Department of Social Services (the Agency), originally com *356 menced this proceeding by filing a petition in Family Court alleging the neglect of Marie B., an infant of 18 months at that time. The petition charged respondent mother with chronic intoxication and failure to provide the child with necessities. The court entered a temporary child protective order granting the Agency temporary custody of the child. Subsequently, in December, 1979, at a hearing in which the parent was represented by counsel, the Agency moved for an adjournment in contemplation of dismissal (ACD), pursuant to section 1039 of the Family Court Act. Under the terms of the proposed ACD, custody of the infant was to remain with the Agency for a period of one year, but the child was actually to reside at home with the parent. Moreover, certain conditions were specified, including the parent’s abstention from alcoholic beverages, acceptance of alcoholic treatment and counseling, and cooperation with a social worker to be assigned by the Agency. The court explained to the parent that if she violated any of the conditions at any time during the one-year period, she would be considered automatically to have admitted the allegations of abuse and neglect, would not be entitled to a hearing, and her child* could be taken from her. When the parent indicated her understanding and consent, the court granted the motion and ordered the ACD.
Within two months, an agency social worker discovered the parent intoxicated and, with the latter’s consent, removed the child from the household for placement in foster care. In April, 1980, the Agency filed a petition alleging substantial violations of the conditions of the ACD in that the parent had consumed alcoholic beverages and had refused to be treated for alcoholism. The Agency requested that the ACD be revoked and that the child be removed from the parent’s custody pursuant to subdivision (e) of section 1039 of the Family Court Act. In opposition, counsel for the parent moved to dismiss the petition on the ground that those provisions, insofar as they authorize removal upon violation of an ACD, were unconstitutional.
*357 Family Court, holding that the constructive finding of neglect as mandated by the statute was an insufficient predicate upon which to interfere with parental right to custody, granted the parent’s motion and dismissed the petition. The Appellate Division agreed that subdivision (e) of section 1039 was unconstitutional insofar as the last sentence gave the same force and effect to a violation of a condition of an ACD as a factual finding of child abuse or neglect. That court dismissed the subject petition seeking revocation of the ACD and, finding the original neglect petition to have expired, dismissed that one as well.
Section 1039 of the Family Court Act permits the temporary removal of a child from the parent, as well as any other disposition under section 1052, otherwise authorized only after a formal neglect hearing (see §§ 1041-1049), without first requiring a determination whether the child has in fact been either abused or neglected. Under the provisions of this section, upon the filing of a neglect petition, the court may dispense with the normal fact-finding hearing and order that the child protective proceeding be adjourned in contemplation of dismissal. (§ 1039, subds [a], [c].) The court may proceed, either on its own motion or that of the child protective agency, but only with the parent’s consent. Moreover, the court must insure that the parent understands that a substantial violation of the terms of the ACD order would result in an automatic finding of neglect and the possible loss of parental rights. Thereafter, once the order is entered and for the duration of the adjournment period, the specifically disputed provisions of section 1039 take effect. Those provisions are contained in the last sentence of subdivision (e), which provides in its entirety: “(e) Upon application of the petitioner or the child’s attorney or law guardian, or upon the court’s own motion, made at any time during the duration of the order, the court may restore the matter to the calendar, if the court finds after a hearing that the respondent has failed substantially to observe the terms and conditions of the order or to cooperate with the supervising child protective agency. In such event, circumstances of neglect shall be deemed to exist, and the court may thereupon proceed to a dispositional hearing under this article *358 and may, at the conclusion of such hearing, enter an order of disposition authorized pursuant to section one thousand fifty-two with the same force and effect as if a fact-finding hearing had been held and the child had been found to be an abused child or a neglected child” (Emphasis added.) Pursuant to the foregoing provisions, if at any time prior to the expiration of the ACD order, which may be no later than one year following its entry (§ 1039, subd [b]), the court does find after a hearing that the parent has substantially violated one of the terms or conditions, the court may proceed just as though a formal neglect proceeding had been conducted. In short, a violation of the ACD order is equated with parental neglect, thereby obviating a finding of the latter as a requisite to the deprivation of the parental right to care and custody of the child. Such an equation cannot withstand constitutional scrutiny and, consequently, the last sentence of subdivision (e) of section 1039 was correctly declared unconstitutional.
Fundamental constitutional principles of due process and protected privacy prohibit governmental interference with the liberty of a parent to supervise and rear a child except upon a showing of overriding necessity. (See Santosky v Kramer, 455 US 745, 753; Wisconsin v Yoder, 406 US 205, 232; Stanley v Illinois, 405 US 645, 651; Pierce v Society of Sisters, 268 US 510, 534.) Indeed, this court has repeatedly held that the State may not deprive a natural parent of the right to the care and custody of a child absent a demonstration of abandonment, surrender, persisting neglect, unfitness or other like behavior evincing utter indifference and irresponsibility to the child’s well-being. (Matter of Male Infant L., 61 NY2d 420, 427; Matter of Dickson v Lascaris, 53 NY2d 204, 208; Matter of Bennett v Jeffreys, 40 NY2d 543, 544; Matter of Spence-Chapin Adoption Serv. v Polk, 29 NY2d 196, 204; People ex rel. Kropp v Shepsky, 305 NY 465, 468.) Legislation which authorizes the removal of a child f -om the parent without the requisite showing of such extraordinary circumstances constitutes an impermissible abridgement of fundamental parental rights.
In this case, as well as in similar situations, section 1039 would authorize the removal of the child upon the mere *359 showing that the parent had failed to obey the terms or conditions of the ACD order, whether or not such failure in fact amounted to neglect, unfitness or any other constitutionally required predicate. Indeed, there is no provision under the statutory scheme for the requisite demonstration and finding of neglect or abuse of the child. Rather, once the court finds that the ACD order has been violated, circumstances of neglect are simply “deemed to exist” without the presentation of any evidence to prove that it is so. Such a constructive finding is a constitutionally inadequate justification for the drastic interference with parental rights permitted under the statute.
Moreover, the mere fact that the statute requires that the court have previously ordered an ACD with the parent’s consent, as was the case here, does not somehow save it from constitutional infirmity. An ACD is emphatically not a determination on the merits. It is not akin to a finding of parental neglect, but, rather, it leaves the question unanswered. (See Hollender v Trump Vil. Coop., 58 NY2d 420; cf. CPL 170.55; People v Rickert, 58 NY2d 122.) Upon the parent’s violation of the conditions of the ACD order within the established time period, the child protective proceedings formerly adjourned may again be commenced. But the violation per se may not summarily be transformed into an adjudication of parental neglect. Rather, there must first be a finding of actual neglect, whether before or after the violation. Indeed, there must be a formal hearing and a clear demonstration that the child in question has in fact been neglected or abused either as a result of the allegations in the neglect petition, the parent’s failure to abide by the conditions of the ACD, or otherwise.
Finally, the Appellate Division did not abuse its discretion in dismissing the original neglect petition or the petition alleging violation of the ACD. Nothing herein precludes the agency from bringing another petition alleging any actual facts of parental neglect which would support a judicial finding thereof.
Accordingly, the order of the Appellate Division holding the last sentence of subdivision (e) of section 1039 of the *360 Family Court Act unconstitutional is affirmed, without costs.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, without costs.

 In fact, the court informed the parent that her “children" could be taken from her. The record shows that respondent is the mother of two other daughters, both of whom have been placed in foster care homes. The ACD motion and order concerned one of those children, as well as Marie B., but this proceeding involves only the latter.