OPINION OF THE COURT
David S. Nelson, J.
This matter comes before the court on a petition brought by the St. Lawrence County Department of Social Services for violation of an order of disposition in a neglect proceeding. An order of this court was entered on August 16, 1983, adjourning in contemplation of dismissal a neglect petition filed by the St. Lawrence County Department of Social Services. This ACD was granted in accordance with section 1039 of the Family Court Act without a finding of neglect, and pursuant to a stipulation and consent of all parties. The said order of disposition provided, inter alla, that Marc C. was to have no contact with the child, Derek W., and that he was to stay away from the home of Linda W. The violation alleged is that Marc C. has had contact with Linda W. and the child.
The violation petition was filed with this court on May 11, 1984. At the first hearing held May 31, 1984, the respondent, Marc C., appeared with counsel, but Linda W. was unrepresented and the matter was adjourned so that she could obtain counsel. On the adjourned date, June 28, 1984, before the Honorable John H. Livingston, Acting Family Court Judge, *263 Linda W. appeared with her attorney; Marc C. appeared in person without his attorney and the case was adjourned and scheduled for trial on July 26, 1984. Prior to trial the Department of Social Services moved to discontinue the violation proceeding because the ACD had expired on July 15, 1984. The Law Guardian opposed this request and submitted a memorandum arguing that the failure of this matter to be timely heard was a result of adjournments requested by the respondents. He asks that the matter be scheduled for a hearing on the violation petition. By its terms the order of supervision and disposition pursuant to the ACD expired July 15, 1984. As of that date no hearing had been held on the violation petition and the original neglect proceeding had not been restored to the calendar.
In Matter of Marie B. (62 NY2d 352) the Court of Appeals held that the last sentence of subdivision (e) of section 1039 of the Family Court Act which permitted a finding of neglect based solely on a finding of a violation of an order of disposition unconstitutional. The court also approved the decision of the lower court dismissing the original neglect petition and the violation petition. The Appellate Division, Fourth Department, in Matter of Marie B. (96 AD2d 1140, 1141) stated: “The valid portion of subdivision (e) permits the court, during the duration of the order for an ACD, to restore the matter to the calendar and, upon a finding of a violation of a condition, the case may then proceed in its normal course to a fact-finding hearing on the issue of abuse or neglect. In this case, however, the matter was not restored to the calendar within one year, the duration of the order, and we therefore concur with Family Court that the petition be dismissed (Family Ct Act, § 1039, subd [f]).”
In this case, the petition alleging the violation of the order of disposition was timely filed, but due to a lack of counsel for one of the respondents at the first hearing, the matter was adjourned to a date prior to the expiration of the ACD. Counsel for the other respondent did not appear for some reason at the second hearing and the matter was again adjourned. At no time was there an order pursuant to subdivision (b) of section 1039 of the Family Court Act extending the expiration date of the original order. It is not unusual, considering the volume of cases handled by Family Courts throughout this State, that there will be many instances where, although there is a timely filing of the violation petition, a hearing will not be held before the court order expires. This could occur no matter how serious the violation of the conditions of the ACD was. The only appropriate procedure in such a case would be for the Department of Social Services to *264 file a new neglect petition based on any “actual facts of parental neglect which would support a judicial finding thereof” (Matter of Marie B., 62 NY2d 352, 359, supra).
This may now be an area in the law requiring legislative amendment to prevent the automatic dismissal of neglect petitions merely because of the passage of an artificial date through no fault of a Department of Social Services. The Family Court could be granted authority, upon a showing of good cause, to extend temporarily the expiration date so that the matter could be scheduled and a hearing held to determine whether a violation occurred and whether the case should be restored to the calendar.
In this case, the original neglect petition alleges that Marc C., on two different dates while in an intoxicated condition and while assaulting Linda W., struck the year-and-a-half-old child about the buttocks and head causing a number of bruises. During the year of the adjournment, the respondent, Linda W., was required to meet with a representative of the Department of Social Services and to allow such representative to meet with the child, Derek. It may well be that during the period of supervision there have been no further instances of child abuse or neglect and that further supervision is not required. It is also not clear to the court whether or not the Department of Social Services has provided preventive services pursuant to the Child Welfare Reform Act of 1979 (L 1979, ohs 610, 611) for the purpose of helping the family stay together.
It is the order of this court that the prior neglect petition is deemed to have been dismissed pursuant to subdivision (i) of section 1039 of the Family Court Act and that the St. Lawrence County Department of Social Services shall have the right to file a new petition alleging any actual facts of parental neglect which would support a judicial finding thereof. The court notes, parenthetically, that the facts alleged in the violation petition are patently insufficient to support a finding of neglect or child abuse.
Secondly, and in accordance with this decision, and pursuant to section 1034 of the Family Court Act, the Child Protective Services of the St. Lawrence County Department of Social Services will be directed and ordered to conduct a child protective investigation as described by the Social Services Law and report its findings to this court for the purposes of determining whether or not a proceeding under article 10 of the Family Court Act should be initiated. The investigation should consider the current status of Linda W., Marc C. and Derek W., as well as the *265 original allegations contained in the petition dated July 12, 1983. Following receipt of said report, consideration will be given whether a direction by the court to the Law Guardian pursuant to subdivision (b) of section 1032 of the Family Court Act is warranted.