■ In the Matter of Rasha B.—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings, in accordance

with the following memorandum: After a fact-finding hearing on a petition alleging that Rasha was an abused child, Family Court rendered an oral decision dismissing the petition, but granted to the Department of Social Services (DSS) "a permanent order of protection against both respondents" to refrain from offensive conduct toward the child, as well as placing other restrictions upon respondents. The order of the court ultimately signed and entered reflected the oral decision; it dismissed the petition, but placed respondents under the supervision of DSS for 12 months, subject to various conditions. This was error.

The court's decision and its ultimate order are in conflict. If the court finds that the facts adduced at the hearing are insufficient to support the petition, as was the case here, that is the end of the matter. Once the petition is dismissed, Family Court loses jurisdiction and further conditions may not be imposed (Matter of Dina V., 86 AD2d 875; Family Ct Act § 1051 [c]). "Family Court Judges enjoy wide latitude in fashioning appropriate dispositional orders. Once Court jurisdiction is established through a finding that a child is an 'abused child' or a 'neglected child,' the Family Court Act gives Judges open-ended dispositional authority" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1052, at 427 [emphasis supplied]). We decline to affirm the dismissal; however, because although the court dismissed the abuse petition for a failure of proof, it also imposed a permanent protective order and other conditions of supervision upon respondents. This basic inconsistency suggests that the court believed that the child was, indeed, an abused or neglected child. However, the dispositional remedies provided for in Family Court Act §§ 1052 through 1059 are available to the court only after a child is found by the court to be abused or neglected.

Based upon the foregoing, the order dismissing the petition should be reversed and the matter remitted to Family Court for a new fact-finding hearing to be held before a different Judge. (Appeal from order of Erie County Family Court, Sedita, J.—child abuse.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.