■ In the Matter of ANTHONY YY., a Child Alleged to be Abused and Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MARGARET ZZ. et al., Respondents. [608 NYS2d 580] —Cardona, P. J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered October 30, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Anthony YY. to be an abused and neglected child.

The child in this proceeding, Anthony YY., was born in July 1992 and respondents are his parents and great-grandmother. On September 9, 1992, a petition was filed alleging that the child was abused or, in the alternative, a neglected child. The thrust of the petition is that on August 31, 1992, the parents brought the child to a hospital after the mother noticed that the child's left arm was swollen and limp and that the child was screaming. It was determined that the child sustained a

spiral fracture to his left arm. The parents indicated that the child's three-year-old cousin may have stepped on the child's arm; they were not sure, however, how the injury occurred. The petition further alleged that the injury appeared to be inflicted as a result of twisting the child's arm and, therefore, the explanation given by the parents was inconsistent with the injury as disclosed in the skeletal survey. A hearing for removal was conducted on September 17, 1992 and Family Court denied removal; the court did, however, issue an order of protection. On October 27, 1992, a fact-finding hearing was held and at the conclusion of all the testimony, the petition was dismissed in its entirety; once again an order of protection was issued for a period of one year. Petitioner appeals and by its brief challenges only the dismissal of the petition against the mother and great-grandmother (hereinafter collectively referred to as respondents).

Initially, as respondents contend, it was error for Family Court to issue an order of protection at the end of the fact-finding hearing because the petition was dismissed *(cf., Matter of Tammie Z.,* 66 NY2d 1, 5). The court may make such an order in a Family Court Act article 10 proceeding only "in assistance or as a condition of any other order made under this part" (Family Ct Act § 1056 [1]). There was no other order made because the petition was dismissed. The issue, however, is moot because the order of protection expired on October 26, 1993 *(see, Matter of Jodi P.,* 133 AD2d 158).

Petitioner first contends that Family Court erred when it found that the great-grandmother was not a person legally responsible pursuant to Family Court Act § 1012 (g). We disagree. That section encompasses "persons acting in loco parentis or as the functional equivalent of a parent in a household setting" *(Matter of Faith GG.,* 179 AD2d 901, *lv denied* 80 NY2d 752). It is undisputed that the great-grandmother was a regular member of the child's household. There is, however, insufficient evidence in this record that she acted in loco parentis or was the functional equivalent of a parent. The issue was not developed in the record to any extent and the only proof submitted was that the great-grandmother babysat on two occasions with no proof whatsoever that she ever acted in a parental role. Therefore, the dismissal of the petition against the great-grandmother was not an abuse of discretion by the court *(see, supra).*

Petitioner also urges that Family Court's finding that the proof did not establish that this child was abused or neglected was error. The main witness submitted by petitioner was a

physician who, after examining the hospital records and X rays, opined that the child's spiral fracture was caused by a twisting motion requiring a significant force thereby indicating abuse. At the end of petitioner's proof, the court denied a motion to dismiss. Respondents went forward but offered no definitive explanation of how this jury occurred.

Although the physician's testimony may have been sufficient to prove a prima facie case, Family Court was not compelled to credit the expert's reliability as a matter of law *(see, Matter of Christine F.,* 127 AD2d 990, *lv denied* 69 NY2d 613). We find no basis for disturbing Family Court's assessment of the credibility of the expert's testimony *(see, Matter of Lauren KK.,* 175 AD2d 393, 394). Based upon this record, we cannot say that Family Court abused its discretion in rejecting the expert's testimony and dismissing the abuse and neglect petition.

Mercure, White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.