■ In the Matter of BRANDON C., a Child Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; KATHERINE D., Respondent. PAUL J. CONNOLLY, as Law Guardian, Appellant. [658 NYS2d 461] —Cardona, P. J. Appeal from an order of the Family Court of Saratoga County (Nolan, J.), entered November 3, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

Based upon a petition alleging that respondent's young son was neglected pursuant to Family Court Act § 1012 (f) (i), fact-finding hearings were conducted in late September and early October 1995. Family Court found that respondent had left her son with respondent's mother and failed to retrieve him the next day despite respondent's knowledge that her mother had become ill. Although the court did not condone respondent's behavior, it found no neglect because, *inter alia*, the child was adequately cared for by his grandmother and aunt during respondent's absence and he was neither harmed nor in imminent danger of being harmed as a result of respondent's actions. The order dismissing the petition was entered November 3, 1995.

The Law Guardian obtained a temporary stay of the order from Family Court and thereafter moved to vacate the order. Petitioner joined in the motion. After hearing oral argument, Family Court specifically denied the motion to vacate the order of dismissal, but concluded that a further hearing was required to determine whether a stay of the order of dismissal pending

appeal was necessary to avoid imminent risk to the child's life or health (*see*, Family Ct Act § 1112 [a]).

When the parties returned to court in mid-November 1995, they reached an agreement whereby, on the consent of all parties, Family Court did not stay the order of dismissal but entered an order of supervision pursuant to Family Court Act § 1054. Pursuant to this agreement, respondent agreed to abide by certain conditions, petitioner agreed to provide certain services and the child was to be returned to respondent's custody when certain of the conditions were satisfied. The order on consent, which contains the various agreed-upon conditions, was entered January 3, 1996. In the interim, the Law Guardian filed a notice of appeal from the order of dismissal entered November 3, 1995. On appeal, the Law Guardian contends that Family Court erred in finding respondent's child not to be neglected.

With respect to the merits of the neglect petition, we find, under the circumstances of this case, that Family Court's order should be affirmed. The record does not support by a preponderance of the credible evidence that there was parental misconduct resulting in harm or potential harm to respondent's child. Therefore, the petition was appropriately dismissed (*see, e.g., Matter of Travis XX.*, 224 AD2d 787; *Matter of Jennifer N.*, 173 AD2d 971; *Matter of William EE.*, 157 AD2d 974).

Although no appeal was taken from the order of supervision, we note that this order was inappropriately entered. Pursuant to the legislative scheme set forth in Family Court Act article 10, there cannot be a dispositional order mandating that a parent do anything unless there is a finding of neglect or abuse either after a hearing or by consent (*see*, Family Ct Act § 1051 [a]). The only exception is when a petition is adjourned in contemplation of dismissal pursuant to Family Court Act § 1039, which was not done in this case. "[S]ections 1052 through 1059 [of the Family Court Act] establish a wide range of dispositional remedies available to the court *after* a child is found to be abused or neglected" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1051, at 412 [emphasis supplied]). Significantly, when facts sufficient to sustain a neglect petition are not established, the petition must be dismissed (*see*, Family Ct Act § 1051 [c]), and Family Court thereafter lacks jurisdiction to impose conditions on the return of the child (*see, Matter of Rasha B.*, 139 AD2d 962, 963; *Mat-*

*ter of Dina V.*, 86 AD2d 875).\* Thus, although Family Court stated that the order on consent would be entered pursuant to Family Court Act § 1054, it is clear that Family Court lacked jurisdiction to enter such an order under the circumstances herein (*see, Matter of Rasha B., supra*, at 963).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

\* We note that the dismissal of a neglect petition as to one parent will not divest Family Court of jurisdiction to impose conditions on the return of the child to that parent when a finding of neglect has been made as to the other parent (*see, Matter of Christina I.*, 226 AD2d 789, *lv denied* 88 NY2d 808).