■ In the Matter of MARTHA CHILDERS, Respondent, v AARON B. CHILDERS, Appellant. [687 NYS2d 773] —Cardona, P. J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered March 2, 1998, which, inter alia, denied respondent's application, in a proceeding pursuant to Family Court Act articles 4 and 8, to set aside and vacate certain support orders and orders of protection.

The parties were married in February 1967 and separated in August 1997. On August 22, 1997, petitioner filed a petition in Columbia County Family Court against respondent alleging a family offense and obtained an ex parte temporary order of protection. On August 27, 1997, prior to the return date on the family offense petition in Family Court, petitioner commenced a divorce action in Ulster County Supreme Court by filing a summons with notice with the County Clerk.[1] Thereafter, on September 25, 1997, the parties, each represented by an attorney, appeared in Family Court on the family offense petition. At that time, respondent consented to the entry of an order of protection.

Although no support petition had been filed, petitioner's attorney requested Family Court to fix temporary spousal support. After an inquiry, the court directed respondent to pay the mortgage, the gas and electric utilities on the marital residence and an additional $300 per week pending a support hearing, and directed petitioner to file a support petition which she did that day. Respondent served a notice of appearance in the divorce action some time thereafter which was dated September 25, 1997.

Following a support hearing held November 13, 1997, respondent was directed to pay the mortgage and taxes on the residence and spousal support of $200 per week. Respondent's present attorneys were substituted on November 22, 1997 and on December 4, 1997 appealed the temporary support order of September 25, 1997. Furthermore, on December 15, 1997, respondent moved before Family Court to, inter alia, vacate the

1. With the amendment of CPLR 304 in 1992 (L 1992, ch 216), this State adopted a commencement-by-filing system for civil practice in Supreme and County Courts (see, Matter of Gershel v Porr, 89 NY2d 327, 330; Matter of Vetrone v Mackin, 216 AD2d 839).

same order. Respondent filed objections to the Hearing Examiner's decision and order entered December 30, 1997 contending that Family Court lacked jurisdiction to issue an order for spousal support based upon petitioner's earlier commencement of the divorce action. Family Court denied respondent's motions and objections and respondent appeals.

Initially, we note that although Family Court Act § 828 (1) (b) (4) and § 842 (i) authorizes a temporary *child* support order in conjunction with the issuance of a temporary order of protection, there is no similar provision under Family Court Act article 8 for *spousal* support. Thus, we find that Family Court lacked jurisdiction to issue the temporary spousal support order since it is undisputed that petitioner had not filed a petition seeking that relief prior to its issuance (*see, Matter of Sheehan v Sheehan*, 221 AD2d 897, *lv dismissed* 88 NY2d 932).

We now address Family Court's issuance of the final spousal support order following the hearing on November 13, 1997. As previously noted, petitioner commenced a matrimonial action before she filed the support petition. It is settled law "that, in the absence of a Supreme Court order of referral, Family Court lacks jurisdiction to entertain a petition for support during the pendency of a matrimonial action, except where the petitioning spouse is likely to become in need of public assistance" (*Matter of Roy v Roy*, 109 AD2d 150, 152; *see*, Family Ct Act § 464 [b]; *Lapiana v Lapiana*, 67 AD2d 966). Petitioner argues that she met the public assistance exception. Her proof, limited to her testimony on the application for temporary support, consisted of statements that respondent left the marital residence taking most of the furniture and the parties' remaining savings, that petitioner had unpaid doctor's and psychologist's bills and was medically disabled from returning to work. Notably absent from this very limited record[2] are any probative details substantiating her disability claim and demonstrating the probability that she would be found eligible for public assistance. Under such circumstances, we are constrained to find that petitioner did not meet her burden of establishing that she was likely to become in need of public assistance.

Finally, we address petitioner's contention that by failing to object to the issuance of the temporary support order and requesting, through counsel, that a support hearing be scheduled quickly, that respondent waived or should be estopped from asserting his jurisdictional claim. We find this argument unpersuasive. Here, respondent timely raised the is-

---

2. We note that the parties have not included the transcript of the support hearing held November 13, 1997 in the record.

sue of petitioner's noncompliance with the requirements of Family Court Act § 464 by including it in his written objections.

We have considered the parties' remaining contentions and find that they lack merit.

Mikoll; Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition filed September 25, 1997 dismissed and respondent's motion to vacate is denied, as academic.