■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JAMERIA A., Appellant, v NICOLE S. et al., Respondents. (Matter No. 1.) In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DASHAWN S., Appellant, v CORETTA S. et al., Respondents. (Matter No. 2.) [699 NYS2d 126] —In related child protective proceedings pursuant to Family Court Act article 10, the petitioner, Suffolk County Department of Social Services, appeals from an order of the Family Court, Suffolk County (Lehman, J.), entered February 24, 1999, which, after a fact-finding hearing, dismissed neglect petitions brought on behalf of Jameria A. and Dashawn S.

Ordered that the order is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a dispositional hearing.

After a fact-finding hearing on petitions alleging that Jameria A. was a neglected child and Dashawn S. was a derivatively-neglected child, the Family Court dismissed the petitions and issued orders of protection prohibiting the respondents from engaging in excessive corporal punishment. The petitions were based in large part upon Jameria's allegation that the respondents, who are her mother and grandmother, had beaten and whipped her with a wire and belt. The Family Court acknowledged that there were marks on the child, but did not find that the appellant had sufficiently established that the marks had been caused by the respondents.

Although we are mindful of the fact that considerable deference must be given to the Family Court in its appraisal of the credibility of witnesses (*see, Matter of Irene O.,* 38 NY2d 776, 777; *Matter of James P.,* 150 AD2d 240, 242), we find that the Family Court improperly speculated that the injuries were not the result of the beatings. There was sufficient evidence in the record to support Jameria's claims. Additionally, although the Family Court dismissed the neglect petitions for a failure of proof, it issued, albeit improperly (*see, Matter of Tammie Z.,* 66 NY2d 1, 5; *Matter of Lewis T.,* 249 AD2d 646, 648; *Matter of Brandon C.,* 237 AD2d 821, 822-823; *Matter of Anthony YY.,* 202 AD2d 740, 741; *Matter of Commissioner of Social Servs. of City of N. Y. [Darnell N.],* 195 AD2d 459, 460), orders of protection prohibiting the respondents from engaging in excessive corporal punishment against the children. This basic inconsistency suggests that the Family Court believed that Jameria A.

was an abused child (*see, Matter of Commissioner of Social Servs. of City of N. Y. [Darnell N.], supra,* at 460; *cf., Matter of Rasha B.,* 139 AD2d 962). Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.