■ In the Matter of AMANDA SS., a Child Alleged to be Abused. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD TT., Appellant. [725 NYS2d 747] —Lahtinen, J. Appeal from an order of the Family Court of Greene County (Lalor, J.), entered February 28, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Amanda SS. to be an abused and neglected child.

Respondent is the stepfather of Amanda SS. (born in 1987) and, with Amanda's mother, the biological parent of two sons (born in 1992 and 1997). In May 1999, petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that respondent sexually abused Amanda over a period of years while he resided with her, her mother and his sons. The petition did not contain any allegations of abuse or neglect, derivative or otherwise, regarding respondent's two sons.

On February 4, 2000, after a two-day fact-finding hearing, Family Court found that respondent had sexually abused Amanda by engaging in vaginal and anal intercourse over a two-year period.[1] At the conclusion of the subsequent dispositional hearing, Family Court issued an order which, *inter alia*, continued Amanda's custody with her maternal grandmother,[2] directed that respondent have no contact with Amanda and required respondent to remain out of the residence of his biological children until he successfully completed a sex offender treatment program.

1. In a separate Family Court Act article 10 proceeding, the mother admitted neglecting Amanda by not notifying authorities when Amanda twice told her about respondent's abuse.

2. Prior to the filing of the petition against respondent, Amanda had gone to live with her maternal grandmother under circumstances which are not clear from the record.

On appeal, respondent argues that Family Court lacked jurisdiction in this Family Court Act article 10 proceeding to restrict his contact with his biological children because they were not children "alleged to have been abused or neglected" (Family Ct Act § 1012 [b]). We disagree.

Family Court Act article 10 proceedings require a finding of neglect or abuse before the issuance of a dispositional order restricting a respondent's conduct (*see*, *Matter of Brandon C.*), 237 AD2d 821, 822).[3] In this case, respondent does not challenge Family Court's finding that he abused Amanda. Accordingly, Family Court was empowered to issue a dispositional order placing respondent under the supervision of the Rensselaer County Department of Social Services and to set the terms and conditions of such supervision (*see*, Family Ct Act § 1052 [a]; § 1057), including requiring him to cooperate in obtaining and accepting sex offender counseling services (*see*, 22 NYCRR 205.83 [a] [5]; [b] [1]). While Family Court's dispositional order restricts respondent's contact with his biological children who were not included in this proceeding, under the facts of this case we find the imposition of such condition within the jurisdiction of Family Court.

Family Court did err, however, in failing to place a time limit on the supervision imposed in the dispositional order. Under Family Court Act § 1057, such supervision "shall be for an initial period of no more than one year." In the interest of judicial economy we shall modify Family Court's dispositional order (*see, e.g.*, *Paro v Paro*, 215 AD2d 965, 966) to the extent of limiting the period of supervision to one year, unless extended upon a hearing and for good cause shown, in order to comply with the requirements of Family Court Act § 1057 (*see*, *Matter of Michael S.*, 175 AD2d 837).

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by directing that the duration of respondent's supervision shall be limited to one year, and, as so modified, affirmed.

---

**3.** The exception is an adjournment in contemplation of dismissal which may include terms and conditions (*see*, Family Ct Act § 1039 [c]).