[740 NYS2d 162]

In the Matter of HARRIET II., Respondent, v ALEX LL., Appellant.

Third Department, April 11, 2002

**APPEARANCES OF COUNSEL**

*Eugene P. Devine, Public Defender*, Albany (*Laurie B. Kurtzman* of counsel), for appellant.

*Kriss, Kriss, Brignola & Persing L.L.P.,* Albany (*Susan M. Narkewicz* of counsel), for respondent.

*Peter J. Scagnelli, Law Guardian,* Albany.

**OPINION OF THE COURT**

CARPINELLO, J.

Petitioner is the former foster mother of now 6½-year-old Alex MM.; respondent is the child's biological father. A detailed factual history concerning the parties is set forth in previous decisions of this Court and will not be repeated (*Matter of Alex LL. v Albany County Dept. of Social Servs.,* 270 AD2d 523; *Matter of Alex MM.,* 260 AD2d 675). Suffice it to say, following our most recent decision, respondent was granted sole legal and physical custody of Alex upon consent of the Albany County Department of Social Services and with the recommendation of the Law Guardian. An order reflecting same was entered May 23, 2000. Thereafter, petitioner moved pursuant to Family Court Act article 6 and Social Services Law § 383 (3) and § 384-b seeking vacatur of the order granting respondent sole legal custody of Alex, appointment as Alex's guardian, visitation and a "parental fitness hearing" consistent with our prior decision. By decision dated January 8, 2001, Family Court concluded that none of the theories advanced by petitioner provided her with a legal basis for any of the requested relief. The court, however, did not formally dismiss the petition at this time. Rather, although the issue had not been raised by any party, Family Court, sua sponte, indicated that Alex "may have an independent and constitutionally protected liberty interest in maintaining, under certain well-defined and narrow circumstances, long-established emotionally nurturing relationships." Family Court then went on to postulate that if Alex had such a liberty interest, then he would have standing, independent of respondent, to assert a claim to continued contact with petitioner. Noting the lack of record evidence concerning "the Law Guardian's position on continued contact between [petitioner] and the child," Family Court "reserved" on the issue to permit the Law Guardian to take such a position.

The Law Guardian thereafter advised Family Court that he did *not* believe that Alex had an interest superior to that of respondent, a fit parent, in seeking visitation with petitioner. Significantly, the Law Guardian took the position that continued contact between petitioner and Alex was *not* appropriate given the acrimony between petitioner and

respondent. Undeterred by this unequivocal position of the Law Guardian and the lack of any subsequent action by the Law Guardian on Alex's behalf (i.e., the filing of any petition or commencement of any proceeding seeking to have the alleged deprivation of Alex's constitutional rights adjudicated), Family Court rendered a subsequent decision holding that "a child has an independent, constitutionally guaranteed right to maintain contact with a person with whom the child has developed a parent-like relationship." And, although not sought by the Law Guardian, the court ordered a "standing hearing" to determine if Alex has a parent-like relationship with petitioner.*

The fundamental flaws in Family Court's decision are two-fold. First, having properly determined that the Family Court Act article 6 petition before it should be dismissed, Family Court's jurisdiction in the proceeding terminated (*see*, Family Ct Act § 632 [a]; *compare, Matter of Brandon C.*, 237 AD2d 821, *with* Family Ct Act § 1051 [a]; *see, Matter of Rasha B.*, 139 AD2d 962; *Matter of Dina V.*, 86 AD2d 875). Notably, no new petition was thereafter filed by any party, particularly the Law Guardian, which might have resurrected jurisdiction (*see generally, Matter of Childers v Childers*, 260 AD2d 767 [Family Court lacked jurisdiction to order temporary spousal support in absence of petition seeking such relief prior to its issuance]; *Matter of Onondaga County Dept. of Social Servs. [Madge M.] v James M.*, 251 AD2d 1081 [failure to file a modification petition rendered Family Court without jurisdiction]; *Matter of Sheehan v Sheehan*, 221 AD2d 897, *lv dismissed* 88 NY2d 932 [failure to file a modification petition rendered Family Court without jurisdiction]; *Matter of Rensselaer County Dept. of Social Servs. v Cossart*, 38 AD2d 635 [failure to file a petition for support rendered Family Court without jurisdiction]).

Even if we were to ignore the jurisdictional defect in the proceeding, it is undisputed that Alex's Law Guardian was not seeking to enforce any of Alex's alleged constitutional rights. To the contrary, he denied that Alex had a right superior to that of respondent to determine with whom the child should have visitation and, more importantly, he specifically opined that continued contact with petitioner "would only exacerbate the existing tension between [petitioner] and [respondent]" which, in turn, would draw Alex "into the acrimony." Notwithstanding the Law Guardian's view of the law and the facts, Family Court found a deprivation of Alex's constitutional rights

* Petitioner does not challenge Family Court's dismissal of her petition.

and then constructed a process by which these rights should be adjudicated. In our view, courts should be particularly reticent "to grasp and determine in the abstract[ ] a constitutional question" (*Beaux Arts Props. v United Nations Dev. Corp.*, 68 Misc 2d 785, 790, *affd* 39 AD2d 844, *lv denied* 31 NY2d 643), especially since it is well established that third parties may not assert the alleged violations of another's constitutional rights (*see, e.g., Matter of Judge Rotenberg Educ. Ctr. v Maul*, 230 AD2d 278, 281, *lv dismissed and denied* 90 NY2d 932; *Matter of Kelly v New York State Ethics Commn.*, 229 AD2d 848, 849; *Matter of Estate of Smith v Atlas Assembly / Crawford Furniture Mfg. Corp.*, 216 AD2d 804, 806, *lv denied* 86 NY2d 711; *Matter of Little Flower Children's Servs. v New York State Dept. of Social Servs.*, 173 AD2d 191; *People v Miller*, 74 AD2d 961). Thus, this is not merely a case where Family Court lacked jurisdiction, it is a case whereby the court eschewed its judicial role by raising, then deciding, the alleged infringement of rights purportedly belonging to Alex, even though the court's strong opinions on the matter put it at odds with the child's duly-appointed attorney.

As a final matter, because Family Court lacked jurisdiction over any of these parties and because the Law Guardian never sought any relief on Alex's behalf, we will not address the merits of the substantive issue on which the court was compelled to speak, namely, whether a child has an independent and constitutionally protected right, superior to that of his or her parent, to maintain contact with one whom he or she has established a nurturing relationship.

CARDONA, P.J., CREW III, SPAIN and ROSE, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded petitioner temporary visitation with respondent's child and directed a hearing to determine whether the child had a parent-like relationship with petitioner; and, as so modified, affirmed.