■ In the Matter of EDWIN SS. and Others, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIANA UU., Appellant, et al., Respondent. [754 NYS2d 912] —Mercure, J.P. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered February 20, 2001, which, in a proceeding pursuant to Family Ct Act article 10, issued an order of protection.

After respondents were arrested on federal drug and weapons charges, petitioner filed a Family Ct Act article 10 petition to have Nija TT. (born in 1999), a child of both respondents, and Edwin SS. (born in 1992) and Raquel SS. (born in 1994), the children of respondent Diana UU. (hereinafter respondent), adjudicated to be neglected children. The children's maternal grandfather petitioned for custody of the children pursuant to Family Ct Act article 6. Pursuant to the parties' agreement, Family Court awarded him custody under Family Ct Act § 1035 (f) by an order entered January 11, 2002. After respondents were convicted upon guilty pleas in federal court, petitioner moved to withdraw the Family Ct Act article 10 petition. Family Court dismissed the petition and, pursuant to Family Ct Act § 1056, entered a final order of protection prohibiting respondent from having unsupervised contact with the children or removing them from their grandfather's home until September 20, 2017.

On this appeal, respondent and the Law Guardian argue that Family Court did not have the authority to enter the instant order of protection once the neglect petition had been dismissed. We agree. Although Family Court is authorized to issue orders of protection in child neglect proceedings, it may do so only "in assistance or as a condition of any other order made under this part" (Family Ct Act § 1056 [1]). This Court has previously held that no such "other order" can be made when a neglect petition has been dismissed (*see Matter of Anthony YY.*, 202 AD2d 740, 741). Inasmuch as the instant neglect petition was dismissed without a fact-finding hearing or

dispositional order having been made, we conclude that Family Court erred when it entered the final order of protection against respondent (*see* Family Ct Act § 1052 [a]).*

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and order of protection vacated.

---

* Since there was no adjudication of neglect and no dispositional hearing and the grandfather's petition was commenced under Family Ct Act article 6, Family Court may have erred in granting the grandfather permanent custody pursuant to Family Ct Act § 1035 (f). That order, however, is not before us on this appeal and none of the parties challenges the grant of custody to the grandfather.