# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1203**
**CAF 11-02392**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF LEBRAUN H.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

BRENDA H., RESPONDENT-APPELLANT.                                    MEMORANDUM AND ORDER
------------------------------------------
IN THE MATTER OF LINDA C.,
PETITIONER-RESPONDENT,

                            V

BRENDA H., RESPONDENT-APPELLANT.
------------------------------------------
IN THE MATTER OF BRENDA H.,
PETITIONER-APPELLANT,

                            V

LINDA C., RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT AND PETITIONER-
APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

TIMOTHY J. HENNESSY, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT AND
RESPONDENT-RESPONDENT.

AYOKA A. TUCKER, ATTORNEY FOR THE CHILD, BUFFALO.

---

        Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered October 21, 2011.  The order, among other
things, determined that the subject child had been neglected by
respondent-petitioner Brenda H. and granted the petition of
petitioner-respondent Linda C.

        It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by dismissing the petition of Erie
County Department of Social Services and vacating the supervised
visitation provision, and as modified the order is affirmed without
costs and the matter is remitted to Family Court, Erie County, to
fashion an appropriate schedule of unsupervised visitation for

respondent-petitioner Brenda H.

Memorandum:  Petitioner Erie County Department of Social Services (DSS) commenced a proceeding pursuant to Family Court Act article 10 alleging that the subject child had been neglected by respondent-petitioner Brenda H., her paternal grandmother (respondent).  At or about the same time, petitioner-respondent Linda C., the maternal grandmother (petitioner), commenced a proceeding pursuant to Family Court Act article 6 seeking modification of a prior order granting joint custody of the child to her and respondent.  The parties and Family Court agreed to consolidate the proceedings, inasmuch as they anticipated that the evidence at a hearing would overlap to some extent.  In appeal No. 1, respondent appeals from an order determining, following a fact-finding hearing, that she neglected the child.  The order also granted the petition of petitioner by terminating joint custody and placing the child in the sole custody of petitioner with supervised visitation to respondent.  In appeal No. 2, respondent appeals from an order, entered following a dispositional hearing, directing that respondent complete sex offender and parenting treatment programs, and continuing respondent's supervised visitation with the child.

We agree with respondent in appeal No. 1 that DSS failed to meet its burden of establishing by a preponderance of the evidence that the "child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as a consequence of respondent's failure to exercise a minimum degree of care (*Nicholson v Scoppetta*, 3 NY3d 357, 368).  The court's finding of neglect hinges on the testimony of DSS's expert psychologist that respondent's dismissive response to the child's allegations that she had been sexually abused by her eight-year-old cousin put the child at risk of harm because such response would cause the child to be reluctant to report future allegations of abusive contact.  The evidence did not establish that the child was in fact sexually abused, and we therefore conclude that the court erred in finding that respondent is chargeable with neglect for failing to protect the child from actual harm (*see Matter of Robert D.*, 18 AD3d 871, 871-872).  Moreover, the finding of neglect cannot be based upon the child's possible reaction to future harm.  "[A] finding of neglect will not be based on a failure to prevent theoretical future harm which never occurred" (*Matter of P. Children*, 272 AD2d 211, 212, *lv denied* 95 NY2d 770).  We therefore modify the order in appeal No. 1 by dismissing the neglect petition.  As a consequence of the dismissal of that petition, there is no jurisdictional basis for the directives in the dispositional order in appeal No. 2, and we therefore vacate that order (*see Matter of Brandon C.*, 237 AD2d 821, 822; *Matter of Rasha B.*, 139 AD2d 962, 963).

With respect to the court's directives concerning custody and visitation in the order in appeal No. 1, petitioner and respondent agree that modification of the existing custody arrangement was warranted inasmuch as their acrimonious relationship has rendered joint custody unworkable and not in the child's best interests (*see Matter of Rhubart v Rhubart*, 15 AD3d 936, 936).  Upon our review of the evidence in light of the relevant factors (*see generally*

*Friederwitzer v Friederwitzer*, 55 NY2d 89, 94), we conclude that the award of sole custody to petitioner has a sound and substantial basis in the record (*see Matter of Chilbert v Soler*, 77 AD3d 1405, 1406, *lv denied* 16 NY3d 701). We note that the child has never lived primarily with respondent, and that respondent acknowledges that her relationship with the child is strained. We reach a contrary conclusion, however, with respect to the court's determination that respondent's visitation with the child should be supervised (*see Matter of Ross v Ross*, 86 AD3d 615, 617; *Matter of Oliver v Oliver*, 284 AD2d 934, 935). We therefore further modify the order in appeal No. 1 accordingly, and we remit the matter to Family Court to fashion an appropriate schedule of unsupervised visitation for respondent.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court