# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**769.1**
**CAF 16-00175**
PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JAMIE J.
-------------------------------------------
WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES,                OPINION AND ORDER
PETITIONER-RESPONDENT;

MICHELLE E.C., RESPONDENT-APPELLANT.

---

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., GENEVA (KATHARINE F. WOODS OF COUNSEL), FOR RESPONDENT-APPELLANT.

GARY LEE BENNETT, LYONS, FOR PETITIONER-RESPONDENT.

SEAN D. LAIR, ATTORNEY FOR THE CHILD, SODUS.

JAMES S. HINMAN, P.C., ROCHESTER (JAMES S. HINMAN OF COUNSEL), FOR INTERVENORS-RESPONDENTS.

ROBERT A. DINIERI, CLYDE, FOR INTERESTED PARTY DAVID URBAS.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered January 26, 2016 in a proceeding pursuant to the Family Court Act. The order, inter alia, continued the placement of the subject child with petitioner.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Opinion by SCUDDER, J.:

We review, as a matter of first impression at the appellate level, whether Family Court retains subject matter jurisdiction to conduct a permanency hearing pursuant to the provisions of Family Court Act article 10-A where, as here, the petition pursuant to Family Court Act article 10 alleging that the child is a neglected child has been dismissed. We conclude that it does.

I

On November 10, 2014, the court directed the temporary removal of respondent mother's one-week-old child from her care pursuant to Family Court Act § 1022. Petitioner commenced a proceeding against the mother pursuant to Family Court Act article 10, alleging that the child was a neglected child on the ground that the child was at imminent risk of harm based upon the mother's alleged inability to

provide proper care for the child due to, inter alia, a lack of housing and the mother's inability to care for her own medical needs. Following a permanency hearing in June 2015, the court granted petitioner's application for continued placement "until the completion of the next permanency hearing or pending further orders of this court" and directed that the mother remain under the supervision of petitioner. The fact-finding hearing on the neglect petition was conducted on December 1 and 2, 2015, more than one year after the petition was filed. The court denied petitioner's application to amend the petition to conform the pleadings to the proof pursuant to section 1051 (b) and determined that "any offer of proof beyond November 10, 2014 would not be relevant in the fact-finding but may be relevant at the Permanency Planning Hearing and/or Dispositional Hearing." The court dismissed the petition by decision dated December 21, 2015 and order entered January 19, 2016 on the ground that, with respect to the one week in which the child was in the mother's care, "petitioner has failed to prove by a preponderance of the evidence that the child's physical, mental or emotional condition was impaired or in imminent danger of being impaired. Even if that were proven[,] [p]etitioner has failed to prove by a preponderance of the evidence that [the mother] failed to exercise a minimum degree of care." Petitioner did not appeal from that order.

Thereafter, the parties engaged in correspondence with the court with respect to whether the court had authority to proceed with the permanency hearing scheduled for January 19, 2016 in light of the order dismissing the neglect petition. The mother sought by order to show cause an order dismissing the permanency petition and vacating the temporary order placing the child with petitioner. That application was opposed by petitioner, the child's father, and the Attorney for the Child on the ground that the court had jurisdiction to conduct the permanency hearing pursuant to Family Court Act § 1088. The court denied the requested relief in the mother's order to show cause. After petitioner presented evidence at the permanency hearing, the mother consented to an order continuing placement of the child with petitioner on the ground that the best interests and safety of the child would be served by continued placement because the child would be at risk of neglect if returned to the mother. She nevertheless reserved her right to challenge the court's exercise of subject matter jurisdiction to conduct a permanency hearing after the neglect petition had been dismissed. We note in any event that "[i]t is blackletter law that a[n order] rendered without subject matter jurisdiction is void, and that the defect may be raised at any time and may not be waived" (Lacks v Lacks, 41 NY2d 71, 75, rearg denied 41 NY2d 862). Thus, to that extent, this appeal is properly before us.

II

We reject the mother's contention on appeal that the court lacked subject matter jurisdiction to conduct the permanency hearing following dismissal of the neglect petition, based upon our interpretation of the statutory language contained in article 10-A of the Family Court Act.

Article 10-A of the Family Court Act was enacted in 2005 "to establish uniform procedures for permanency hearings for all children who are placed in foster care . . . pursuant to[, inter alia,] section one thousand twenty-two . . . of this act . . . It is meant to provide children placed out of their homes timely and effective judicial review that promotes permanency, safety and well-being in their lives" (§ 1086). It is clear that, in the event that the court dismisses a petition alleging that a child is an abused or neglected child, the court lacks jurisdiction to impose a dispositional remedy pursuant to sections 1052 through 1057 (*see Matter of Rasha B.*, 139 AD2d 962, 963; *see also Matter of Lebraun H. [Brenda H.]*, 111 AD3d 1439, 1440). Nevertheless, article 10-A, which applies only to those matters in which a child has been placed in petitioner's custody (*see* § 1086; *cf. Lebraun H.*, 111 AD3d at 1439; *Rasha B.*, 139 AD2d at 963), explicitly provides that "the court shall maintain jurisdiction over the case until the child is discharged from placement" (§ 1088). It further provides that the court "shall" make a determination whether the placement shall be terminated or whether the permanency goal should be approved or modified, based "upon the proof adduced [at the permanency hearing] . . . *and in accordance with the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if returned to the parent*" (§ 1089 [d] [1], [2] [i] [emphasis added]).

We note that there is no provision in Family Court Act article 10-A that provides for the termination of the child's placement with petitioner when a neglect or abuse petition is dismissed. We further note that the authority cited by the dissent with respect to the legislative scheme of article 10 predated the enactment of article 10-A (*see Matter of Edwin SS.*, 302 AD2d 754, 754-755; *Matter of Amanda SS.*, 284 AD2d 588, 589, *lv denied* 97 NY2d 606; *Matter of Brandon C.*, 237 AD2d 821, 822; *Matter of Anthony YY.*, 202 AD2d 740, 741; *Matter of Dina V.*, 86 AD2d 875, 875), or did not implicate the provisions of article 10-A (*see Lebraun H.*, 111 AD3d at 1440). Thus, we respectfully disagree with our dissenting colleagues that article 10-A did not provide for the continuation of the court's subject matter jurisdiction, despite the dismissal of the article 10 petition.

We recognize that the silence of the Legislature with respect to the scenario presented in this case may be interpreted in either of two ways: if the Legislature had intended that the placement end upon the dismissal of the article 10 petition, it would have said so; or, based on the absence of a provision addressing the scenario at issue here, the Legislature did not intend to overturn the long-established rule of law with respect to article 10 that a temporary placement under, inter alia, section 1022 ended with the dismissal of a neglect or abuse petition inasmuch as the court lacked jurisdiction to impose a dispositional order pursuant to article 10 (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 74). Nevertheless, "[a] statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all of the problems and complications which might arise in the course of its administration" (Statutes § 73,

Comment at 148; *see Murphy v Board of Educ. of N. Bellmore Union Free Sch. Dist.*, 104 AD2d 796, 798, *affd* 64 NY2d 856). We therefore conclude, based upon the plain language of the provisions of Family Court Act article 10-A, that the court obtains jurisdiction as a result of a placement with petitioner pursuant to section 1022 (*see* § 1088), and that the court is required to make a determination whether to return the child to the parent based upon the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if the child were to return to the parent (*see* § 1089 [d] [1], [2] [i]). Thus, we conclude that the court retained jurisdiction to conduct the permanency hearing despite the dismissal of the neglect petition. Moreover, our interpretation of the statutory provisions of article 10-A comports with the longstanding principle that "an overarching consideration always obtains for children to be returned to biological parents, if at all possible and responsible . . . When that cannot be done, the emphasis shifts to securing permanent, stable solutions and settings" (*Matter of Dale P.*, 84 NY2d 72, 77).

                                III

     The mother also contends, inter alia, that her substantive due process rights were violated by the continued placement of the child with petitioner in the absence of a finding of neglect. Although we share the concern of our dissenting colleagues that the mother's right to raise her child must be protected, that contention is not properly before us on this appeal because the order was entered upon the consent of the parties (*see Matter of Adney v Morton*, 68 AD3d 1742, 1742), and the mother retained the right to challenge on appeal only the court's exercise of subject matter jurisdiction to conduct a permanency hearing. If the mother's contention was properly before us, we would agree with our dissenting colleagues that the contention was preserved for our review, but we would nevertheless reject it. Were we to review the mother's contention that she cannot be deprived of the right to raise her child in the absence of a finding of neglect, we would conclude that her substantive due process rights were protected by the provisions of Family Court Act article 10-A.

     It is well established that "[f]undamental constitutional principles of due process and protected privacy prohibit governmental interference with the liberty of a parent to supervise and rear a child except upon a showing of overriding necessity . . . [T]he State may not deprive a natural parent of the right to the care and custody of a child absent a demonstration of[, inter alia], unfitness . . . Legislation which authorizes the removal of a child from the parent without the requisite showing of such extraordinary circumstances constitutes an impermissible abridgement of fundamental parental rights" (*Matter of Marie B.*, 62 NY2d 352, 358; *see Santosky v Kramer*, 455 US 745, 753). Because the court was required to determine, following a hearing, whether the child would be at risk of abuse or neglect if returned to the mother (*see* Family Court Act § 1089 [d]), and the evidence at the hearing clearly supported the court's determination that the child would be at such a risk, we would conclude that the requisite "overriding necessity" was established

here (*Marie B.*, 62 NY2d at 358), and thus that the mother's substantive due process rights were not violated.

IV

Accordingly, we conclude that the order determining that the best interests of the child would be served by continued placement in petitioner's custody on the ground that the child was at risk of abuse or neglect in the event she was returned to the mother should be affirmed.

NeMoyer and Curran, JJ., concur with Scudder, J.; Whalen, P.J., dissents and votes to vacate the order in accordance with the following Opinion, in which Smith, J., concurs:

We respectfully dissent. Petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the subject child was neglected by respondent mother. Following a fact-finding hearing, Family Court concluded that petitioner failed to meet its burden of establishing neglect by a preponderance of the evidence and dismissed the petition. It is well established that, "[i]f the court finds that the facts adduced at the hearing are insufficient to support the petition, as was the case here, *that is the end of the matter*" (*Matter of Rasha B.*, 139 AD2d 962, 962 [emphasis added]). Pursuant to the legislative scheme of article 10, absent a finding of abuse or neglect, the court lacks any jurisdictional basis to block, delay, or impose conditions on the return of the child (*see Matter of Amanda SS.*, 284 AD2d 588, 589, *lv denied* 97 NY2d 606; *Matter of Brandon C.*, 237 AD2d 821, 822; *Matter of Dina V.*, 86 AD2d 875, 875; *see also Matter of Lebraun H. [Brenda H.]*, 111 AD3d 1439, 1440; *Matter of Edwin SS.*, 302 AD2d 754, 754-755; *Matter of Anthony YY.*, 202 AD2d 740, 741).

We cannot agree with the majority that the enactment of Family Court Act article 10-A abrogated that settled law and extended the subject matter jurisdiction of Family Court beyond the dismissal of the neglect petition. The jurisdictional provision of article 10-A, section 1088, provides in relevant part that, "[i]f a child is placed pursuant to section . . . one thousand twenty-two . . . of this act, . . . the case shall remain on the court's calendar and the court shall maintain jurisdiction over the case until the child is discharged from placement and all orders regarding supervision, protection or services have expired." It is undisputed that the child was placed pursuant to section 1022, and we agree with the majority that the events triggering the termination of the court's article 10-A jurisdiction did not occur, i.e., the child was not discharged from placement (*see* § 1089 [d] [1]), and pursuant to a prior permanency hearing order the mother was under the supervision of petitioner, subject to an order of protection, and receiving services.

The language of section 1088, considered in isolation, appears to confer continuing jurisdiction regardless of the outcome of the underlying article 10 proceeding. We are mindful that, in accordance with established rules of statutory construction, we must construe the

language of the statute "so as to give effect to the plain meaning of the words used" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208).  At the same time, however, we conclude that, under the circumstances here, giving effect to the "plain language . . . would require us to interpret the statute in a manner that would render it unconstitutional" (*Pines v State of New York*, 115 AD3d 80, 92, *appeal dismissed* 23 NY3d 982; *see People v Couser*, 258 AD2d 74, 80, *affd* 94 NY2d 631; McKinney's Cons Laws of NY, Book 1, Statutes § 150 [c]).  The majority's application of the plain language of Family Court Act § 1088 effectively sanctions the use of the temporary order issued in an ex parte proceeding (*see* § 1022 [a] [i]) as the jurisdictional predicate for petitioner's ongoing, open-ended intervention in the parent-child relationship *after* the neglect petition was dismissed on the merits.

We agree with the mother that, under these circumstances, the court's exercise of jurisdiction pursuant to article 10-A resulted in the violation of her fundamental right to raise her child.  As a preliminary matter, we do not agree with the majority that the mother's due process contention is not properly before us.  Throughout the Family Court proceeding, the mother consistently and repeatedly argued that, following the dismissal of the neglect petition, the failure to terminate the subject child's foster care placement and return her to the mother's care constituted a violation of the mother's due process right to raise the child without interference from petitioner or the court.

As the majority acknowledges, " 'the interest of parents in the care, custody and control of their children . . . is perhaps the oldest of the fundamental liberty interests,' and any infringement of that right 'comes with an obvious cost' " (*Matter of Brooke S.B. v Elizabeth A.C.C.*, 28 NY3d 1, 10, quoting *Troxel v Granville*, 530 US 57, 64-65).  Moreover, "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State" (*Santosky v Kramer*, 455 US 745, 753).  Here, the subject child was removed from the mother's care pursuant to a temporary ex parte order, following which a hearing was conducted, no adjudication of neglect was made, and the neglect petition was dismissed on the merits.  Construing article 10-A as authorizing the continued placement of the subject child, premised entirely upon the initial removal without the requisite showing of neglect or other extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 546), clearly results in an abridgment of the mother's fundamental parental rights (*see Matter of Marie B.*, 62 NY2d 352, 358).

Accordingly, for the foregoing reasons, we conclude that the court lacked subject matter jurisdiction to enter the permanency hearing order on appeal, and the order therefore should be vacated.

Entered:  November 10, 2016                          Frances E. Cafarell
                                                     Clerk of the Court