OPINION OF THE COURT
Stanley Gartenstein, J.
As it becomes increasingly apparent that the subject child in this abuse proceeding may very well have been smuggled into the United State illegally as a Haitian “Boat Person,” the court is faced with an ever-widening group of potential suspects who may be guilty of substantial violations of the immigration laws.
It is now reasonable to infer after weighing testimony in removal proceedings, that the subject child has been passed from one illegal custodian to another: illegally harbored for whatever purpose the evidence is yet to establish; and been physically abused. Physical examination of this child mandated by subdivision (g) of section 1027 of the Family Court Act shows a 4 feet, 8 inch undernourished young woman with bruises over her arms, back, legs and thighs and with evidence of old black eyes.
With the respondents (together with an ever-widening circle of persons) disclaiming responsibility for and/or cus *181 tody of this subject child,[2] it becomes apparent that abuse proceedings under article 10 of the Family Court Act which are now before us, will fail to scratch the surface in terms of possibly culpable parties. The court therefore exercises its option to look elsewhere in the law enforcement constellation for remedial action. In doing so, it has reference to subdivision (a) of section 1014 of the Family Court Act which reads as follows: “(a) The family court may transfer upon a hearing any proceedings originated under this article to an appropriate criminal court or may refer such proceeding to the appropriate district attorney if it concludes, that the processes of the family court are inappropriate or insufficient. The family court may continue the proceeding under this article after such transfer or referral and if the proceeding is continued, the family court may enter any preliminary order, as authorized by section one thousand twenty-seven, in order to protect the interests of the child pending a final order of disposition.”
Inasmuch as an apparent violation of the immigration laws falls within Federal jurisdiction, the obvious choice of the court for purposes of referral must be the office of the United States Attorney. It is urged upon the court that the statutory reference to “district attorney” is restrictive of the court’s authority thereby excluding any proposed reference to the United States Attorney. We disagree. A restrictive reading of the statutory term “district attorney” as urged upon us would exclude court referral to appropriate prosecutorial authority when this would appear to be its logical course of action. Inasmuch as a court’s prerogative to refer a matter for prosecution always existed at common law as one of its plenary powers (cf. Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 1014,1976-1981 Supp Pamph, p 441), this codification thereof must be held to be declarative rather *182 than in derogation of the common law. Accordingly, the statute is entitled to liberal construction. It is moreover to be noted that subdivision (a) of section 1014 of the Family Court Act merely provides the instrumentality for transfer of proceedings from Family to criminal court. The authority to refer for prosecution is simply an auxiliary prerogative implementing the transfer provisions.
The matter shall accordingly be referred to the office of the United States Attorney for the Eastern District of New York for investigation and prosecution if warranted. The proceedings now pending before us shall go forward in due course. (Family Ct Act, § 1014, subd [a].)

. Subdivision (a) of section 1012 of the Family Court Act defines a respondent as a “parent or other person legally responsible for a child’s care”. The latter phrase is defined in subdivision (g) of section 1012 to include “custodian, guardian, any other person responsible for the child’s care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household”. Thus, if the disclaimer is upheld, this may very well turn out to be a situation of wrong without remedy.