OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a child abuse proceeding brought by the Oneida County Department of Social Services pursuant to article 10 of the Family Court Act.
The petition, filed in this court on January 26, 1983, alleges that Deborah Case, born November 16, 1967, and hereinafter referred to as the child, has been abused by her brother, Gordon Scott Case, the respondent.
A hearing on the petition was held in this court on April 6, 1983.
The child’s parents, Donovan Ebner Case and Caroline Maine Case, were divorced by a divorce decree dated December 22, 1981. That decree, which has neither been amended nor modified, awarded custody of the child to her father.
The child lived with her father until June, 1982 when she ran away from her father’s home. She went to the home of the respondent, who is 19 years old, where she remained until November, 1982, when she left this residence. She presently resides with her mother in Utica, New York.
The child testified, without contradiction, that respondent had engaged in sexual relations with her on one occasion during July, 1982 while she was residing with him in the State of Missouri. No other evidence of abuse or neglect was presented.
*101 Respondent’s attorney, joined by the child’s Law Guardian, has now moved to dismiss the petition upon the grounds that petitioner has failed to establish that respondent was a person legally responsible for the child’s care at the time the sexual relations occurred.
Article 10 of the Family Court Act, which governs child abuse proceedings, provides that other than a parent, only persons legally responsible for a child may be charged with abuse of that child.
“(a) ‘Respondent’ includes any parent or other person legally responsible for a child’s care who is alleged to have abused or neglected such child”. (Family Ct Act, § 1012, subd [a]; emphasis supplied.)
“(e) ‘Abused child’ means a child less than eighteen years of age whose parent or other person legally responsible for his care”. (Family Ct Act, § 1012, subd [e]; emphasis supplied.)
Since it is undisputed that respondent is not the child’s parent, he can be the subject of a child abuse proceeding only if he was a person legally responsible for the child’s care at the time the sexual intercourse occurred.
The statute provides that person legally responsible for the child includes the child’s custodian and guardian. (Family Ct Act, § 1012, subd [g].)
It is undisputed that respondent has never been the child’s legal guardian or custodian.
However, the statute also provides that any person regularly found in the child’s household may be considered a custodian for the purpose of being the subject of a child abuse proceeding.
“Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child.” (Family Ct Act, § 1012, subd [g]; emphasis supplied.)
It is this definition of custodian which petitioner seeks to invoke to charge respondent with child abuse.
It is undisputed that the respondent was living in the same household as the child when the respondent committed the act which petitioner contends constitutes abuse. *102 However, the statute does not require a court to find that any person committing abuse while residing in the same household as the child is a custodian of the child. Rather, such a finding is merely permitted in the court’s discretion.
Respondent contends that such a finding should be made only if the other person found in the child’s household had a parental relationship with the child. The statute has been so interpreted by the Family Court of Richmond County.
“Subdivision (a) of Section 1012 of the Family Court Act must therefore be interpreted to include within the definition of ‘respondent’ any person whose relationship to the subject child is parental in nature, whether by law or fact, and who is alleged to have committed acts of abuse or neglect against said child. The words ‘parent or other person legally responsible’, which appear in subdivisions (a), (e) and (f) (paragraph [i]) of section 1012 must be read to mean a parent or one acting in loco parentis * * * Subdivision (g) of section 1012, which defines ‘person legally responsible’, then clarifies and explains who might be included under the title in loco parentis, or, in the words of the statute, ‘other person legally responsible’.” (Matter of Maureen G., 103 Misc 2d 109, 114; emphasis supplied.)
Such a construction is in keeping with the purpose of article 10 proceedings which is set forth in section 1011 thereof: “It is designed to provide a due process of law for determining when the state * * * may intervene against the wishes of a parent on behalf of a child so that his needs are properly met.” (Emphasis supplied.)
The mere fact that two persons are residing in the same household at the relevant time does not create a presumption that the older is exercising any type of parental control over the younger. This court feels that article 10 proceedings are only appropriate when brought against a person in control of and acting in loco parentis at the relevant time.
We decline to exercise our discretion to find that respondent, merely because he resided in the same household at the relevant time, was then a custodian of the child. Therefore, we find that respondent was not a person legally *103 responsible for the child’s care when the sexual relations with respondent occurred.
The petition is dismissed.