■ In the Matter of MARY AA. et al., Alleged to be Abused and Neglected Children. WILLIAM R. MOON, as Commissioner of the Delaware County Department of Social Services, Appellant; FRANK AA. et al., Respondents.—Crew III, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered April 10, 1990, which, inter alia, in a proceeding pursuant to Social Services Law § 384-b, granted motions by certain respondents to remove the two older siblings as respondents and name them as alleged neglected children.

Frank and Patricia AA. are the parents of four children named Russell, William, Mary and Hetty. These children were regularly left unsupervised in the home while both parents worked. Russell and William, individually, had occasionally engaged in sexual acts with either Mary or Hetty over a four-year period. After discovering that these acts had taken place between the four children, petitioner commenced this proceeding pursuant to Family Court Act article 10 against both parents and their two sons seeking a finding that Mary and Hetty are abused and neglected children. Prior to commencement of the proceeding, the State Police arrested Russell and William and each gave a statement to the police describing their sexual acts with their sisters. On April 6, 1990, at the initial appearance before Family Court, the attorneys representing Russell and William requested that the court remove their respective clients as respondents in the proceeding on the ground that neither was a "[p]erson legally responsible" within the meaning of Family Court Act § 1012 (g). Petitioner opposed both motions on the grounds that they were premature because no fact-finding had been conducted or completed. Family Court initially reserved decision on the motions and later ordered that Russell and William be removed as respondents and the petition be amended to add them as neglected children. This appeal by petitioner ensued.

Petitioner contends that Family Court erred in removing Russell and William as respondents. We disagree. In its petition, petitioner alleged that Russell and William were caretakers of Mary and Hetty. Petitioner asserts that the two older brothers are "persons legally responsible" for the care of their sisters because they were in the same household with their sisters whenever all of them were left home unsupervised by their parents. It is clear that on a motion to dismiss, the truth of petitioner's allegations must be assumed (see, Matter of Roman, 94 Misc 2d 796, 800). We therefore assume, without deciding, that Russell and William are persons legally responsible for the care of Mary and Hetty (Family Ct Act § 1012 [a], [g]).

The question then becomes whether Family Court abused its discretion in declining to exercise jurisdiction over Russell and William. Where it is deemed unnecessary and/or inappropriate to exercise jurisdiction, Family Court, in the exercise of its discretion, may remove a respondent in a proceeding brought pursuant to Family Court Act article 10 (see, Matter of Jessica C., 132 Misc 2d 596, 602; Matter of Case, 120 Misc 2d 100, 102). In the instant proceeding, Family Court determined that it would be unnecessary and inappropriate for it to exercise jurisdiction over Russell and William. It appears that the court's determination was based upon the fact that the parents for the children were respondents, that the two brothers are siblings of the two sisters who are the subject of the proceeding, that its proceedings are remedial and that the two brothers were already the subjects of criminal proceedings. In this regard it should be noted that the court would have had the authority to divest itself of jurisdiction by transferring the proceeding, as it related to Russell and William, to an appropriate criminal court had the State not instituted criminal proceedings (see, Family Ct Act § 1014 [a]). Accordingly, we cannot say, as a matter of law, that Family Court abused its discretion in removing Russell and William as respondents.

Petitioner also contends that Family Court erred by directing that the petition be amended to add Russell and William as neglected children. We agree. The Family Court Act provides that an abuse or neglect proceeding may be originated by a child protective agency or by any person on the court's direction (see, Family Ct Act §§ 1031, 1032). There is nothing in the statute which authorizes the court to amend a petition by adding children believed to have been neglected or abused. The proper procedure would have been for Family Court to direct William's attorney to file a petition on behalf of his

client *(see,* Family Ct Act § 1032 [b]). We note that the court could not have made such a direction with regard to Russell, because he was 18 years old at the time and the court's jurisdiction is limited to children who are less than 18 years of age *(see,* Family Ct Act § 1012 [b], [f]; § 1013 [a], [c]).

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as added Russell AA. and William AA. as neglected children, and, as so modified, affirmed.