■ In the Matter of FAITH GG., Alleged to be an Abused Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRY HH., Appellant.—Crew III, J. ■

In February 1989, petitioner filed a petition in Family Court alleging that respondent sexually abused Faith, his fiancee's six-year-old daughter, in April and May 1988. In March 1989, respondent denied the allegations and asserted as a defense that Family Court lacked personal jurisdiction over him because he was not a "person legally responsible" for Faith's care. In July and August 1989, the court conducted a fact-finding hearing. At the conclusion of petitioner's case, respondent moved to dismiss the petition on the ground that, *inter alia,* Family Court lacked personal jurisdiction. The motion was denied and at the conclusion of the hearing, Family Court determined that Faith was an abused child within the meaning of Family Court Act § 1012 (e) (iii) and issued an order of protection against respondent. This appeal ensued.

The pivotal issue on this appeal is whether respondent was a "[p]erson legally responsible" for Faith's care within the meaning of Family Court Act § 1012 (g). Under that provision, a person legally responsible includes "the child's custodian * * * [and] any other person responsible for the child's care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child." Although the statutory language broadly refers to "any person", it has been narrowly interpreted to encompass those persons acting in loco parentis or as the functional equivalent of a parent in a household setting *(see, e.g., Matter of Jessica C.,* 132 Misc 2d 596, 600-601; *Matter of Case,* 120 Misc 2d 100, 102).

In *Matter of Faith AA.* (139 AD2d 22, 24), we upheld a

determination by Family Court that a live-in boyfriend was a "[p]erson legally responsible" within the meaning of Family Court Act § 1012 (g) because the record was replete with evidence that the boyfriend was a regular member of the child's household at all relevant times and that the members of that household were living in a family setting. Contrary to that case, the evidence in this proceeding reflects that respondent maintained a separate residence and came into contact with Faith only periodically or at sporadic intervals when he occasionally watched Faith in her mother's absence and when he and her mother engaged in overnight visits once or twice a month. There is insufficient evidence in the record, therefore, to demonstrate that respondent was a regular member of Faith's household and that she, her mother and respondent were living in a family setting. Accordingly, we find, as a matter of law, that respondent was not a "[p]erson legally responsible" for Faith's care within the meaning of Family Court Act § 1012 (g) and that Family Court thus lacked personal jurisdiction over him.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed.