OPINION OF THE COURT
Gloria M. Dabiri, J.
By notice of motion dated January 5, 1993 respondent, Danny C., moves to dismiss petitions against him filed by the Commissioner of Social Services (CSS) pursuant to article 10 of the Family Court Act. For the reasons which follow, the motion to dismiss is granted.
In amended petitions, filed December 9, 1992, it is alleged that Claudia V. (date of birth Jan. 23, 1986) and Daniel V. (date of birth Mar. 1, 1990) are abused children as a result of the conduct of respondents Danny C., his mother, Mireya V., and, his father, Johnny C. With respect to Danny C., the petitions state, inter alla, that on more than one occasion the child Claudia V. was sexually assaulted by the respondent Danny C., and that on more than one occasion the child Daniel V. was sexually abused by Danny C. It is alleged that the conduct of Danny C. violates sections 130.20, 130.35, 130.50 and 130.65 of the Penal Law.
In support of the motion to dismiss, counsel for respondent Danny C. asserts that Danny is not a person "legally responsible” within the meanings of section 1012 (g) of the Family Court Act or of section 412 (4) of the Social Services Law, and is therefore not a proper respondent. Respondent’s counsel argues that Danny, who is 14 years of age, is neither a parent, guardian nor custodian of either of the subject children. Moreover, she notes that the Social Services Law provides that a report of child maltreatment may only be made against someone who is 18 years of age or older. (Social Services Law §412 [4].)
In opposition to the motion, counsel for CSS argues that section 1012 (a) of the Family Court Act, which controls, does not require that a "person legally responsible” be of any minimum age. Petitioner also points out that Danny C. may properly be the subject of criminal prosecution pursuant to CPL 1.20 (42).
The issue thus framed is whether a 14 year old may properly be a respondent in a child protective proceeding pursuant to article 10 of the Family Court Act.
Section 1012 (a) of the Family Court Act defines "respondent” to include: "any parent or other person legally responsi *464 ble for a child’s care who is alleged to have abused or neglected such child.”
"Person legally responsible” is further defined by subdivision (g) of section 1012 to include: "the child’s custodian, guardian, any other person responsible for the child’s care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child. ” (Emphasis added.) Thus, the language of subdivisions (a) and (g) places no minimum age requirement on respondents in child protective proceedings. (See, Matter of Mary AA., 175 AD2d 362, 363 [3d Dept 1991].) Moreover, subdivision (g) of section 1012 broadens the definition of "person legally responsible” to give the court discretionary jurisdiction over any person continually or at regular intervals found in the same household as the child. By its terms this provision extends not only to paramours but to babysitters, siblings, relatives and nonrelated persons of any age. (Besharov, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1012, 1993 Pocket Part, at 79.) Respondent’s reliance on section 412 (4) of the Social Services Law is, therefore, misplaced.[1] In determining whether jurisdiction exists in a child protective proceeding the language of article 10 of the Family Court Act controls. (See, Matter of Jessica C., 132 Mise 2d 596 [Fam Ct, Queens County 1986].)
On a motion to dismiss, the truth of petitioner’s allegations must be assumed. (Matter of Mary AA., 175 AD2d, supra, at 363.) The petition alleges that Danny C. resides in the same home as the subject children and that he contributed to their abuse. The petitions further state that the respondent Mireya V. "locks the children Claudia and Daniel V. in a room while she leaves the apartment, leaving Danny C. in the same apartment.” Petitioner argues, therefore, that the petitions allege not only that Danny C. was directly responsible for acts of abuse but that an inference may be drawn from all of the allegations that the subject children were sometimes left in *465 his care. The court concludes that the petitions are sufficient to meet the requirements of section 1031 (a) of the Family Court Act. (See, Matter of Roman, 94 Misc 2d 796 [Fam Ct, Onondaga County 1978].)
Nonetheless, the permissible nature of the supplemental definition of custodian contained in section 1012 (g) of the Family Court Act means that the court may, but need not, assume jurisdiction over all "legally responsible” persons against whom petitions are properly filed. (See, Besharov, Practice Commentary, McKinney’s Cons Law of NY, Book 29A, Family Ct Act § 1012, at 270; Matter of Mary AA., 175 AD2d, supra, at 363.) In the exercise of its discretion, this court determines that it is both unnecessary and inappropriate to exercise jurisdiction over the 14-year-old respondent Danny C., although his conduct might have directly contributed to the abuse or neglect of the other children in the home who are the subject of these proceedings.
Danny C.’s mother Mireya V. and his father Johnny C. are named respondents. It is alleged that Mireya V. is the paternal aunt of Claudia and Daniel, and that she and Johnny C. are persons legally responsible for their care.[2] The petitions allege that these adults "knew or should have known of the sexual abuse and that they allowed the commission of said abuse.” The petitions also allege that respondent Johnny C. struck Claudia with a belt and that Mireya V. locks Claudia and Daniel in a room while she is out of the home. These allegations are clearly sufficient to give the court jurisdiction over Mireya V. and Johnny C. Should petitioner prove these allegations at the fact-finding hearing, the adult respondents, Mireya V. and Johnny C., will be subject to any order of disposition which the court may enter. (See, Family Ct Act § 1052; 22 NYCRR 205.83.) As parents of 14-year-old Danny C. such an order may provide that they control or supervise the conduct of their minor son Danny C.
The Commissioner of Social Services may choose to file a *466 petition against the adult respondents on behalf of Danny C. (Family Ct Act § 1032 [a]). The matter is also referred to the office of the District Attorney of Kings County for appropriate consideration. (Family Ct Act § 1014 [a]; Matter of Pauliana T., 116 Misc 2d 180 [Fam Ct, Queens County 1982].)

. Section 412 (4) of the Social Services Law defines a person against whom a report of suspected child abuse or maltreatment can be made as "any parent of, guardian of, custodian of or other person eighteen years of age or older legally responsible for * * * a child reported to the central register of child abuse and maltreatment who is allegedly responsible for causing injury, abuse or maltreatment to such child or who allegedly allows such injury, abuse or maltreatment to be inflicted on such child”.

. Following the removal of Claudia and Daniel from their care and the filing of the instant petitions, respondents Mireya V. and Johnny C. sought the return of Claudia and Daniel pursuant to section 1028 of the Family Court Act. After hearing, the court on December 17, 1992 continued the remand of the children to CSS pending disposition.