■ In the Matter of JESSICA QQ., a Child Alleged to be Abused and Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DAWN RR. et al., Respondents. [606 NYS2d 821] —Casey, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered October 28, 1992, which partially dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Jessica QQ. to be abused and neglected by respondents Dawn RR. and Gilbert SS.

Jessica QQ. resided with her mother, her mother's boyfriend and another couple, respondents Dawn RR. and Gilbert SS. Petitioner commenced this proceeding against all four adults alleging that Jessica was an abused and neglected child. Apparently, both the mother and the boyfriend admitted abusing Jessica and are not involved in this appeal. The only question on this appeal is whether Dawn and Gilbert are persons legally responsible for Jessica'a care.

Family Court found that Dawn and Gilbert knew "full well" what was going on, but determined that they were not persons "legally responsible" pursuant to Family Court Act § 1012 (g). That section has been interpreted to encompass those persons acting in loco parentis or as the functional equivalent of a parent in a household setting (Matter of Faith GG., 179 AD2d 901, lv denied 80 NY2d 752). Although Dawn and Gilbert were "regular members" of Jessica's household, there is insufficient evidence in the record to demonstrate that they acted in loco parentis or were the functional equivalent of parents. In the absence of such evidence, Family Court's dismissal of the petition against Dawn and Gilbert was not erroneous (see,

---

*Matter of Case,* 120 Misc 2d 100) and the discretion exercised by the court under Family Court Act article 10 was not abused *(see, Matter of Mary AA.,* 175 AD2d 362, 363). Consequently, the order should be affirmed.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.