■ In the Matter of AUSTIN JJ., a Child Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA JJ., Appellant. [648 NYS2d 727] —Crew III, J. P. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered September 13, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's grandchild to be abused.

Respondent is the maternal grandmother of Austin JJ. (born in June 1993). In September 1993, Austin was diagnosed as having, among other things, a fractured right femur and multiple rib fractures in various stages of healing. A temporary order of removal was issued, and an abuse petition was filed

against respondent in October 1993.[1] Following a fact-finding hearing in April 1994, at which respondent appeared and testified, Family Court concluded that petitioner had established, by a preponderance of the evidence, that Austin indeed was an abused child and that respondent was a person legally responsible for Austin's care.[2] A dispositional hearing ensued, at the conclusion of which Family Court ordered, *inter alia*, that Austin remain in petitioner's custody for a period of one year and issued an order of protection prohibiting respondent, among others, from having unsupervised visitation with the child and from using, or permitting others to use, any form of corporal punishment on the child.[3] This appeal by respondent followed.

Family Court Act § 1046 (a) (ii) provides that the petitioning agency may establish a prima facie case of child abuse or neglect by demonstrating that the child sustained injuries that ordinarily would not have occurred absent an act or omission of the parent or person legally responsible for the child's care (*see, Matter of Philip M.*, 82 NY2d 238, 243; *Matter of Julissa II.*, 217 AD2d 743). Once the petitioning agency has made such a showing, the burden of going forward shifts to the respondent to rebut the presumption of culpability (*see, Matter of Philip M., supra*, at 245; *Matter of Julissa II., supra*).

Assuming, without deciding, that petitioner established by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]) that Austin was abused, we nevertheless are constrained to agree with respondent that petitioner failed to demonstrate that respondent was a "person legally responsible" for Austin's care. A " 'Person legally responsible' " for a child's care includes the child's custodian, guardian or any other person responsible for his or her care during the relevant time period (Family Ct Act § 1012 [g]). In accordance with the terms of the statute, a "custodian" may include "any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (*ibid.*). In this regard, "[a]lthough the statutory language broadly refers to 'any person', it has been narrowly interpreted to encompass those persons acting in loco parentis or as the functional equivalent of a parent in a

1. Separate petitions were also filed against the child's mother and her boyfriend, both of whom resided with respondent, and respondent's boyfriend.

2. Although the petitions against Austin's mother and her boyfriend also were sustained, the petition against respondent's boyfriend was dismissed.

3. Austin's placement in foster care has been extended through June 6, 1997, although respondent is not a party to the extension of placement order.

household setting" (*Matter of Faith GG.*, 179 AD2d 901, *lv denied* 80 NY2d 752).

Although there is no dispute that Austin, his mother, her boyfriend and respondent all lived together, the mere fact that respondent was a regular member of Austin's household, standing alone, is insufficient to establish that respondent acted in loco parentis or as the functional equivalent of a parent (*see, Matter of Anthony YY.*, 202 AD2d 740, 741; *Matter of Jessica QQ.*, 200 AD2d 887). In this regard, petitioner's proof consisted solely of the testimony of one of its child protective caseworkers, who stated that respondent's daughter informed him that she and respondent "took care of" Austin. Such a conclusory statement, however, falls far short of establishing that respondent assumed a "parental" role with respect to Austin and, as such, the finding of abuse as to respondent cannot stand.[4]

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

---

4. As the petition against respondent must be dismissed, it necessarily follows that she is no longer bound by the terms of the order of protection (*see generally, Matter of Faith GG., supra*, at 902).