■ In the Matter of ELYSA QQ., a Child Alleged to be Neglected. MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; SHEILA RR., Respondent. [672 NYS2d 469] —Crew III, J. Appeal from an amended order of the Family Court of Montgomery County (Going, J.), entered June 31,

1997, which, in a proceeding pursuant to Family Court Act article 10, granted respondent's motion to dismiss the petition.

Petitioner commenced this proceeding against respondent in April 1997 alleging, *inter alia*, that Elysa QQ., born in 1982, was a neglected child due to respondent's failure to exercise a minimum degree of care in supplying the child with adequate food, clothing or shelter (*see*, Family Ct Act § 1012 [f] [i] [A]). Respondent moved to dismiss the petition contending, *inter alia*, that she was not a "person legally responsible" for the child's care within the meaning of Family Court Act § 1012 (g).[1] Family Court granted the motion and this appeal by petitioner ensued.

There must be a reversal. On a motion to dismiss, this Court must accept as true the allegations set forth in the petition (*see*, *Matter of Mary AA.*, 175 AD2d 362, 363; *Matter of Stefanel Tyesha C.*, 157 AD2d 322, 325, *appeal dismissed* 76 NY2d 1006) and afford the pleading a liberal construction (*see*, *Matter of Stefanel Tyesha C.*, *supra*, at 325). Applying these principles to the matter before us, it is clear that Family Court erred in dismissing the petition without a fact-finding hearing.

Assuming, without deciding, that respondent indeed is a "person legally responsible" for the child's care (*see*, *Matter of Mary AA.*, *supra*, at 363),[2] the petition sets forth sufficient factual allegations which, if proven at trial by a preponderance of the evidence, would sustain a finding of neglect (*see*, *Matter of Stefanel Tyesha C.*, *supra*, at 327). Specifically, the petition alleged that respondent refused to admit Elysa to her home after the child ran away and, in so doing, failed to provide the child with adequate food, clothing or shelter (*see*, Family Ct Act § 1012 [f] [i] [A]). Accordingly, this matter should proceed to a fact-finding hearing before Family Court.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and motion denied.

---

1. A "'[p]erson legally responsible' includes the child's custodian, guardian [or] any other person responsible for the child's care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (Family Ct Act § 1012 [g]).

2. In this regard, petitioner alleged that respondent is the child's aunt and that respondent agreed to care for the child following the biological mother's relocation outside the United States. Petitioner alleged that pursuant to that agreement respondent provided care, i.e., food, clothing and shelter, for the child for a period of approximately five months before the child apparently ran away from respondent's home.