■ In the Matter of JEMILA PP., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MANNY PP., Appellant. [785 NYS2d 185]—

Kane, J. Appeals from two orders of the Family Court of Columbia County (Czajka, J.), entered October 17, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

In September 2000, petitioner commenced an abuse proceeding against respondent, alleging that he committed acts of sexual abuse against his daughter. After a hearing, Family Court found that the child was severely and repeatedly abused by re-

spondent. The court issued a dispositional order placing respondent under petitioner's supervision and requiring him to comply with certain conditions, including that he submit to a mental health evaluation by an agency approved by petitioner and successfully participate in and complete any recommended treatment or counseling. The court also issued an order of protection which prohibited respondent from having any contact with his daughter and her mother, and required that he "participate in sex offenders treatment program." Respondent did not appeal these orders. Both orders expired one year later.

Several months after those orders expired, petitioner commenced this neglect proceeding alleging that respondent failed to complete sex offender treatment within the period of the dispositional order and that he missed three classes. During the hearing on this petition, Family Court permitted amendment of the petition to include the ground that respondent refused to accept responsibility for the conduct that led to the abuse finding. The court found that respondent neglected his daughter because the orders were clear, respondent failed to follow the orders by completing treatment within the year and respondent failed to take responsibility by acknowledging that he sexually abused his daughter. The court issued a dispositional order, placing respondent under petitioner's supervision and requiring him to complete sex offender treatment, and an order of protection prohibiting contact with his daughter until her 18th birthday. Respondent appeals.

Family Court erred in making a finding of neglect based on respondent's failure to complete sex offender treatment within the one-year period of the order of supervision. Neither the order of protection nor the dispositional order explicitly required respondent to complete such a program within any specific time period. Respondent should not be penalized for participating in a longer treatment program—specifically approved by petitioner—and such action can hardly be considered neglectful. The appropriate remedy would have been for petitioner to move for an extension of the order of supervision for an additional year with satisfactory completion of the sex offender treatment program as a condition (*see* Family Ct Act § 1057), but petitioner did not so move and had no explanation for its failure to do so. Petitioner's inaction or mistake does not permit it or the court to punish respondent for not doing something which was not specifically mandated by the prior orders. Respondent's failure to complete sex offender treatment within one year did not constitute neglect.

Family Court also erred in making a finding of neglect based

on respondent's failure to acknowledge his responsibility for the sexual abuse perpetrated against his daughter. Failing to acknowledge responsibility for the situation or acts which led to the original finding of abuse can constitute a failure to plan for the return of the child so as to support a termination of parental rights (*see Matter of Sadie K.*, 249 AD2d 640, 642 [1998]; *Matter of Heather E.*, 238 AD2d 678, 679-680 [1997]; *Matter of Michelle F.*, 222 AD2d 747, 749 [1995]), but it is insufficient to support a finding of neglect, without more. In addition, by the time of the hearing, respondent had successfully completed sex offender treatment and the counselor recommended that respondent was ready for supervised visits. In effect, the court's determination amounted to a finding of neglect based on the same facts as the original finding of abuse. The finding of neglect is unsupported by the record and must be reversed.

In addition to the neglect petition, the record contains a petition for modification of visitation filed by the father on June 19, 2002. As there is no order of disposition for that petition in the record, we remit for resolution of that petition.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are reversed, on the law and the facts, without costs, petition dismissed and matter remitted to the Family Court of Columbia County for resolution of the father's June 2002 modification of visitation petition.