■ In the Matter of ALAN FF. and Others, Children Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ALFRED FF., Respondent. (Proceeding No. 1.) In the Matter of ALAN FF. and Others, Children Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KRISTEN GG., Respondent. (Proceeding No. 2.) [811 NYS2d 158]—

Spain, J.P. Appeals from two orders of the Family Court of Saratoga County (Hall, J.), entered June 18, 2004 and June 29, 2004, which, in two proceedings pursuant to Family Ct Act article 10, granted respondents' motion to dismiss the petitions.

In February 2004, petitioner filed separate petitions alleging that respondents, Alfred FF. (hereinafter the father) and Kristen

GG. (hereinafter the mother), neglected their children, Alan (born in 1992), Kaylee (born in 1994) and Adrianne (born in 1997), by allowing them to visit—unsupervised—overnight with the father, a convicted sex offender who had previously admitted to sexually abusing his infant daughter, a fourth child who was not a subject in the instant petitions.* A temporary order of protection was issued requiring that contact between the father and the children be supervised. After Family Court scheduled a fact-finding hearing, the father moved to dismiss the petition against him, and the mother joined in that motion with respect to the petition against her. The Law Guardian for the children argued in support of the parents' motion to dismiss the petitions.

After hearing arguments from all sides, Family Court granted the motion and dismissed both petitions. The court reasoned that petitioner would not be able to establish at the upcoming fact-finding hearing that the children were harmed or that "the unsupervised presence of [the father] create[d] a substantial risk of harm for any of [the] children." Petitioner now appeals the orders dismissing the neglect petitions, and this Court consolidated the appeals.

We reverse. "On a motion to dismiss, this Court must accept as true the allegations set forth in the petition and afford the pleading a liberal construction" (*Matter of Elysa QQ.*, 249 AD2d 857, 858 [1998] [citations omitted]; *see Matter of Mary AA.*, 175 AD2d 362, 363 [1991]; *Matter of Stefanel Tyesha C.*, 157 AD2d 322, 325 [1st Dept 1990], *lv granted* 164 AD2d 852 [1990], *appeal withdrawn* 76 NY2d 983 [1990]). The proper consideration is whether "the petition sets forth sufficient factual allegations which, if proven at trial by a preponderance of the evidence, would sustain a finding of neglect" (*Matter of Elysa QQ., supra* at 858; *see* Family Ct Act § 1046 [b] [i]). As pertinent here, neglect includes failure "to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). Indeed, a court may adjudicate a child to be neglected based on

* After a 2001 finding of neglect premised on the father's admission that he sexually abused his infant daughter, Family Court—as part of a dispositional order—directed that the father's visits with his children be supervised. However, it appears that the order of supervision expired in August 2003 and, at that point, petitioner closed the case against the father after receiving "assurances" from him that he would "do the right thing" and after advising the mother that future visits should be supervised. The record contains no explanation as to why petitioner closed that case and did not seek to extend the order of supervision on an annual basis (*see* Family Ct Act §§ 1057, 1061).

proof of potential harm (*see Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]; *see Matter of Anndrena A.*, 13 AD3d 1164, 1164 [2004]), as "[c]hild protective authorities need not wait until harm actually befalls a child before they may intervene" (*Matter of Kasey C.*, 182 AD2d 1117, 1118 [1992], *lv denied* 80 NY2d 757 [1992]; *see Matter of Harmony S.*, 22 AD3d 972, 973-974 [2005]).

The petition against the father alleged that he is a convicted sex offender who failed to exercise a minimum degree of care and exposed the children to a substantial risk of harm by visiting with them without supervision. In particular, the petition alleged that not only had the father failed to complete any treatment program, but his limited intellect and mental health infirmities impaired his ability to benefit from sex offender counselling. Moreover, he now denies that the abuse occurred despite having previously admitted in Family Court and in criminal court to sexually abusing one of his infant daughters. Significantly, the petition asserted that a 2002 psychological evaluation recommended that "contact between [the father] and the children continue to be supervised."

The allegations in the petition against the mother included her knowing acquiescence to the father's unsupervised visits with the children despite his denial now that the sexual abuse ever occurred, and the 2002 recommendation by a psychologist that the father's visits with the children continue to be supervised. The petition also alleged that the mother allowed the children to be exposed to domestic violence, citing two instances where the mother's boyfriend struck or pushed her in the children's presence. According to the petition, the boyfriend pushed one of the subject children, Kaylee, and "threw her into the couch." Family Court did not mention these allegations in its decision dismissing the entire petition.

We hold that these allegations, if proven, are sufficient to support a finding of neglect on the part of each parent (*see Matter of Anndrena A., supra* at 1165; *compare Matter of Krista L.*, 20 AD3d 783, 785 [2005]; *Matter of Jemila PP.*, 12 AD3d 964, 966 [2004]). Indeed, petitioner should be given an opportunity to present evidence supporting its allegations—including the expert testimony of the psychologist—which, if proved by a preponderance of the evidence, will establish that both parents have created a substantial risk of harm to the children. Accordingly, the temporary order of supervised visitation should be reinstated pending further proceedings in Family Court.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are reversed, on the law, without costs, motion

denied, matters remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision, and a new law guardian shall be appointed to represent the children throughout the remainder of these proceedings, and the temporary order of protection dated and entered May 28, 2004 is reinstated until further order of Family Court.