■ In the Matter of COURTNEY G., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MICHELLE H., Respondent. [854 NYS2d 268]—

Memorandum: In this neglect proceeding, petitioner appeals from an order in which Family Court sua sponte dismissed the petition on the ground that the allegations were legally insufficient as a matter of law. We reverse.

The court may not dismiss a neglect petition if, "accept[ing] as true the allegations set forth in the petition . . . and afford[ing] the pleading a liberal construction[,] . . . the petition sets forth sufficient factual allegations which, if proven at [a factfinding hearing] by a preponderance of the evidence, would sustain a finding of neglect" (*Matter of Elysa QQ.*, 249 AD2d 857, 858 [1998]). Here, the petition alleged, inter alia, that respondent neglected her 14-year-old daughter by failing to provide her with adequate supervision and guidance, thus permitting her to become pregnant on more than one occasion, and by failing to ensure that she received appropriate care and guidance after she gave birth to a child. Those allegations, viewed in the light most favorable to petitioner, sufficiently set forth that respondent neglected her daughter within the meaning of Family Court Act § 1012 (f) (i), inasmuch as they allege that the mental or emotional condition of respondent's daugh-

ter was impaired. Pursuant to Family Court Act § 1012 (h), the "impairment of emotional health" or "impairment of mental or emotional condition" includes, in relevant part, "a state of substantially diminished psychological or intellectual functioning in relation to, but not limited to, such factors as . . . control of aggressive or self-destructive impulses, ability to think and reason, or acting out or misbehavior" (*see generally Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 78 [1995]).

The petition further alleges that respondent repeatedly misused illegal drugs, i.e., cocaine, and it does not allege that she was participating in a drug treatment program. Family Court Act § 1012 (f) (i) (B) provides in relevant part that a neglected child includes a child whose physical, mental or emotional condition has been impaired as a result of his or her parent's failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship by "repeatedly misus[ing] a drug or drugs" and, "[p]ursuant to Family Court Act § 1046 (a) (iii), proof of a parent's repeated drug use is prima facie evidence of neglect" (*Matter of Keira O.*, 44 AD3d 668, 670 [2007]). Consequently, the allegations of drug use by respondent along with the allegations of her failure to supervise her daughter are sufficient, if established at a fact-finding hearing, to make out a prima facie case of neglect. Finally, the petition alleges that respondent had engaged in several physical altercations with her daughter, one of which occurred when the daughter was seven months pregnant, which sufficiently sets forth that respondent neglected her daughter (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Chelsea BB.*, 34 AD3d 1085, 1087-1088 [2006], *lv denied* 8 NY3d 806 [2007]; *Matter of Michelle S.*, 195 AD2d 721 [1993]). Contrary to the contention of respondent, there is no allegation that the altercations resulted from disciplinary actions on her part. We therefore reverse the order, reinstate the petition and remit the matter to Family Court for further proceedings on the petition. Present—Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.