Matter of Zulena G. (Regilio K.) (2019 NY Slip Op 06392)





Matter of Zulena G. (Regilio K.)


2019 NY Slip Op 06392


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-05701
2018-05706
 (Docket Nos. N-30387-16, N-30388-16)

[*1]In the Matter of Zulena G. (Anonymous). Administration for Children's Services, petitioner-respondent; Regilio K. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Sabrina M. (Anonymous). Administration for Children's Services, petitioner-respondent; Regilio K. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Nicole Barnum, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Cheryl Charles-Duval, Brooklyn, NY, attorney for the child Zulena G.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Susan Clement, Shomari Ward, and Emily Kaplan of counsel), attorney for the child Sabrina M.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Regilio K. appeals from two orders of disposition of the Family Court, Kings County (Lillian Wan, J.) (one as to each child), dated March 23, 2018, and April 26, 2018, respectively. The orders of disposition, upon two orders of fact-finding of the same court (one as to each child), both dated March 22, 2018, made after a fact-finding hearing, finding that the appellant sexually abused the child Sabrina M. and derivatively neglected the child Zulena G., and after a dispositional hearing, inter alia, directed the appellant to complete a sex offender treatment program and directed the issuance of orders of protection against him and in favor of the children Sabrina M. and Zulena G.
ORDERED that the orders of disposition are reversed, on the facts and in the exercise of discretion, without costs or disbursements, the orders of fact-finding are vacated, the petitions are denied, and the proceedings are dismissed.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10. Following a fact-finding hearing, the Family Court found that the appellant sexually abused the child Sabrina M. and derivatively neglected the [*2]child Zulena G. After a dispositional hearing, the court, inter alia, directed the appellant to complete a sex offender treatment program and directed the issuance of orders of protection against the appellant and in favor of Sabrina and Zulena.
On appeal, the appellant contends, inter alia, that the Family Court should not have determined that he was a person legally responsible for the care of Sabrina and Zulena within the meaning of the Family Court Act. We agree.
"Child protective proceedings encompass only abuse or neglect by a person who is a parent or other person legally responsible for the child's care" (Matter of Jonah B. [Riva V.], 165 AD3d 790, 791; see Family Ct Act § 1012[g]; Matter of Kaliia F. [Jason F.], 148 AD3d 805, 806). A person legally responsible is defined as "the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012[g]).
"A person is a proper respondent in an article 10 proceeding as an other person legally responsible for the child's care if that person acts as the functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d 790, 796 [internal quotation marks omitted]). "Determining whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case" (id. at 796). "Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent(s) are some of the variables which should be considered and weighed by a court" (id.). However, "article 10 should not be construed to include persons who assume fleeting or temporary care of a child such as a supervisor of a play-date or an overnight visitor or those persons who provide extended daily care of children in institutional settings, such as teachers" (Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004-1005 [internal quotation marks omitted]; see Matter of Yolanda D., 88 NY2d at 796).
We disagree with the Family Court's determination that the appellant was a person legally responsible for Sabrina and Zulena within the meaning of the Family Court Act. The appellant was a cousin of the subject children who resided with them for a period of time in their grandmother's apartment along with the children's mother and father. The record demonstrates that numerous other adults and children resided in the apartment during the relevant time period, including the children's aunt, uncle, and grandmother. Although Sabrina, who was about 13 to 15 years old during the relevant time period, testified generally that there were times when the appellant would supervise her, the testimony of other witnesses, including that of her mother, contradicted this aspect of her account. In this regard, Sabrina's mother testified that she never made the appellant responsible for the children, and that she did not leave them alone with him, as there were always other caretakers present. Sabrina's mother testified that Sabrina's older sister was responsible for the children's care on the occasions when she was at work or otherwise away from the home. In addition, the evidence at the hearing demonstrated that the children's grandmother and other adults were present in the apartment during the time when Sabrina's mother was at work. Although there was evidence that the appellant sometimes contributed money to the grandmother's household, and that he had, on occasion, performed general household chores for the benefit of the entire family, these circumstances were outweighed by evidence that the appellant did not exercise control over the children's environment in a manner commensurate with that of a parent (cf. Matter of Gary J. [Engerys J.], 154 AD3d 939, 941).
On this record, the weight of the credible evidence did not establish that the appellant "act[ed] as the functional equivalent of a parent" to the children during the relevant time period (Matter of Yolanda D., 88 NY2d at 796; see Matter of Zephyr D. [Luke K.], 148 AD3d 1013, 1013; Matter of Brent HH., 309 AD2d 1016, 1017-1018; Matter of Austin JJ., 232 AD2d 736, 738; Matter of Anthony YY., 202 AD2d 740, 741; Matter of Jessica QQ., 200 AD2d 887, 887-888; cf. Matter of Trenasia J. [Frank J.], 25 NY3d at 1005-1006). Inasmuch as the appellant was not a proper respondent in these Family Court Act article 10 proceedings, the orders of disposition must be reversed, the orders of fact-finding must be vacated, the petitions must be denied, and the [*3]proceedings must be dismissed.
In light of the foregoing, we need not reach the appellant's remaining contentions.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court