Matter of Aydden OO. (Joni PP.) (2020 NY Slip Op 01232)





Matter of Aydden OO. (Joni PP.)


2020 NY Slip Op 01232


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

528413

[*1]In the Matter of Aydden OO. and Others, Alleged to be Neglected Children. Cortland County Department of Social Services, Appellant; Joni PP., Respondent.

Calendar Date: January 9, 2020

Before: Garry, P.J., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Cortland County Department of Social Services, Cortland (Keith I. Cassidy of counsel), for appellant.
Lisa K. Miller, McGraw, for respondent.
Palmer J. Pelella, Binghamton, attorney for the children.



Mulvey, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered December 17, 2018, which, in a proceeding pursuant to Family Ct Act article 10, upon reargument, adhered to its prior decision dismissing the petition.
Respondent is the mother of three children (born in 2007, 2008 and 2012). In October 2018, petitioner commenced this proceeding, by order to show cause signed by Family Court, alleging that respondent neglected the children. Two days later, the court sua sponte dismissed the petition, finding it insufficient to allege neglect. Petitioner moved to reargue. After permitting oral argument, the court concluded that petitioner did not identify any mistakes of fact or law in the October 2018 order dismissing the petition. Petitioner appeals from the December 2018 order addressing reargument.
Initially, the December 2018 order is appealable. Although, generally, no appeal lies from an order denying a motion to reargue, where "the court actually addresses the merits of the moving party's motion, we will deem the court to have granted reargument and adhered to its prior decision — notwithstanding language in the order indicating that reargument was denied" (Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184 [2015], lv denied 25 NY3d 912 [2015]; see Matter of Reed v Annucci, 175 AD3d 1700, 1701 n [2019]). Considering that Family Court scheduled and heard oral argument on the motion to reargue and, thereafter, issued a decision addressing the merits, we deem the court to have granted reargument, such that the December 2018 order adhering to the October 2018 order is appealable as of right (see Matter of Reed v Annucci, 175 AD3d at 1701 n; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d at 1185; see also CPLR 5701 [a] [2] [viii]).
Family Court erred in dismissing the neglect petition. When deciding whether a neglect petition warrants a fact-finding hearing or should be dismissed, courts "must accept as true the allegations set forth in the petition," grant the petitioner all favorable inferences that can be drawn therefrom, and determine "whether the petition sets forth sufficient factual allegations which, if proven at trial by a preponderance of the evidence, would sustain a finding of neglect" (Matter of Alan FF., 27 AD3d 800, 801 [2006] [internal quotation marks and citations omitted], appeal dismissed 7 NY3d 741 [2006]; see Matter of Autumn O. [Noah O.], 158 AD3d 696, 697 [2018]; Matter of Keira O., 44 AD3d 668, 669-670 [2007]). Neglect may be established by evidence "that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and . . . that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" or medical care (Matter of Johnathan Q. [James Q.], 166 AD3d 1417, 1418 [2018] [internal quotation marks and citation omitted]; see Family Ct Act § 1012 [f] [i]).
"A parent's unwillingness to follow a recommended course of psychiatric therapy and medication, resulting in the impairment of a child's emotional health[,] may support a finding of neglect. However, what constitutes adequate medical care cannot be judged in a vacuum. The critical factor in this determination is whether the parent[ has] provided an acceptable course of medical treatment for [his or her] child in light of all the surrounding circumstances" (Matter of Terrence P., 38 AD3d 254, 256-257 [2007] [internal quotation marks and citations omitted]; see Matter of Samuel DD. [Margaret DD.], 81 AD3d 1120, 1124 [2011]; Matter of William AA., 24 AD3d 1125, 1126-1127 [2005], lv denied 6 NY3d 711 [2006]). Here, the petition and corresponding affidavit stated, among other things, that respondent failed to properly administer prescribed ADHD medication to the two oldest children and failed to bring them to scheduled doctor appointments, and that those children were struggling in school and were unable to focus because they were not receiving the proper dosage of medication. The petition states that these allegations are supported, in part, by information received from the children and their school. Petitioner further alleged its concern that respondent was either taking the children's medication herself or selling it, along with the reasons for such concern.
Accepting the petition's allegations as true, petitioner raised "sufficient factual allegations which, if proven at trial by a preponderance of the evidence, would sustain a finding of neglect" (Matter of Alan FF., 27 AD3d at 801; see Matter of Autumn O. [Noah O.], 158 AD3d at 697; Matter of Keira O., 44 AD3d at 669-670). Although parents may exercise judgment and reasonably decide not to provide certain medication to their children (see Matter of Terrence P., 38 AD3d at 257), the allegations raised factual questions regarding the reasonableness of respondent's withholding of prescribed medication from her children, such that a hearing is warranted. Despite the lack of allegations in the petition directly concerning the youngest child, the petition's allegations could support a finding of derivative neglect of that child. Accordingly, Family Court erred in dismissing the petition without hearing.
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition; matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.