Matter of Ja'layna FF. (Jalyssa GG.) (2022 NY Slip Op 07271)

Matter of Ja'layna FF. (Jalyssa GG.)

2022 NY Slip Op 07271

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

533669
[*1]In the Matter of Ja'layna FF., Alleged to be a Neglected Child. Chemung County Department of Social Services, Respondent; Jalyssa GG., Appellant.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Charles E. Andersen, Elmira, for appellant.
M. Hyder Hussain, County Attorney, Elmira, for respondent.
Andrea J. Mooney, Ithaca, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered June 9, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
Respondent is the mother of four children, including the subject child (born in 2021). In 2019, respondent's oldest two children (born in 2015 and 2017) were adjudicated to be neglected, a finding that was affirmed on appeal (see Matter of Ja'Sire FF. [Jalyssa GG.], 206 AD3d 1076 [3d Dept 2022], lv denied 38 NY3d 912 [2022]). The oldest child was placed in the care of his maternal grandmother and the second oldest was placed in the care of her father. Respondent's third child (born in 2019) was removed from respondent's custody at birth, placed in foster care, and eventually found to be neglected. The dispositional orders issued in connection with these neglect findings required respondent, among other things, to remain under the supervision of petitioner, to undergo a mental health evaluation, to participate in domestic violence counseling and parenting education programs, to attend the children's medical appointments, to provide a safe home environment and remain employed, and to use all resources available to ensure the mental, physical and emotional well-being of the children.
The subject child was removed from respondent's custody eight days after birth, and petitioner then filed a petition alleging that respondent had neglected and derivatively neglected the child. Respondent moved to dismiss the petition for failure to state a claim, and petitioner opposed. Family Court denied the motion to dismiss. Thereafter, prior to any fact-finding hearing on the petition, petitioner moved for summary judgment as to that aspect of the petition alleging derivative neglect of the subject child, and respondent opposed. Family Court granted the summary judgment motion [FN1] and issued a suspended judgment dispositional order (see Family Ct Act § 1053). Respondent appeals from both the denial of her dismissal motion as well as the granting of the summary judgment motion.[FN2] [FN3]
"A party seeking to establish neglect must show, by a preponderance of the evidence, first, that the [child's] physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and, second, that the actual or threatened harm to the [child] is a consequence of the failure of the caretaker to exercise a minimum degree of care in providing the [child] with proper supervision or guardianship" (Matter of Kieran XX. [Kayla ZZ.], 154 AD3d 1094, 1095 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Micah S. [Rogerio S.], 206 AD3d 1086, 1087 [3d Dept 2022]). Regarding the issue of derivative neglect, while proof of the abuse or neglect of one child is admissible evidence on the issue of the abuse or neglect of another child (see Family Ct Act § 1046 [a] [i]), such evidence "may not [[*2]serve as] the sole basis for a determination of derivative neglect unless the parent's past conduct demonstrates fundamental flaws in the parent's understanding of the duties of parenthood — flaws that are so profound as to place any child in his or her care at substantial risk of harm" (Matter of Messiah RR. [Christina RR.], 190 AD3d 1055, 1059 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Choice I. [Warren I.], 144 AD3d 1448, 1449 [3d Dept 2016]).
Turning first to respondent's motion to dismiss the petition for failure to state a claim, Family Court properly denied this motion. In determining such a motion, Family Court "must accept as true the allegations set forth in the petition, grant the petitioner all favorable inferences that can be drawn therefrom, and determine whether the petition sets forth sufficient factual allegations which, if proven at trial by a preponderance of the evidence, would sustain a finding of neglect" (Matter of Aydden OO. [Joni PP.], 180 AD3d 1208, 1209 [3d Dept 2020] [internal quotation marks and citation omitted], lv dismissed 35 NY3d 996 [2020]). Pleadings must be afforded "a liberal construction" (Matter of Alan FF., 27 AD3d 800, 801 [3d Dept 2006] [internal quotation marks and citation omitted], lv denied 7 NY3d 741 [2006]; see Matter of Chester HH. v Angela GG., 208 AD3d 945, 947 [3d Dept 2022]).
The petition referenced the two prior findings of neglect against respondent, concerning a total of three children, with the most recent neglect finding being just over a year prior to the filing of the petition. The prior neglect findings involved, among other things, respondent's angry outbursts in front of the children and untreated mental health needs. The petition asserted that none of those children had yet been returned to respondent's care, and that respondent had failed to fully comply with the terms of previous dispositional orders, including engaging in counseling and maintaining stable housing. Further, the petition alleged that respondent concealed the fact that she was pregnant with the subject child and failed to obtain appropriate prenatal care. Accepting the foregoing allegations as true and viewing them in the light most favorable to petitioner, the petition sufficiently stated claims for neglect and derivative neglect (see Matter of Aydden OO. [Joni PP.], 180 AD3d at 1209; Matter of Ja'Sire FF. [Jalyssa GG.], 206 AD3d at 1079; see generally Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1468 [3d Dept 2017], lv denied 31 NY3d 904 [2018]; Matter of Evelyn B., 30 AD3d 913, 916 [3d Dept 2006], lv denied 7 NY3d 713 [2006]).
Nevertheless, Family Court's decision granting petitioner's summary judgment motion was in error. "Summary judgment is rarely used in Family Court proceedings, and is only appropriate when no triable issue of fact exists" (Matter of Karm'ny QQ. [Steven QQ.], 114 AD3d 1101, 1102 [3d Dept 2014] [citations omitted]; see Matter of Kai G. [Amanda G.], [*3]197 AD3d 817, 820 [3d Dept 2021]). "[I]ssue finding, rather than issue determination, is [the motion's] function" (Matter of Hannah UU., 300 AD2d 942, 943 [3d Dept 2002] [internal quotation marks and citation omitted], lv denied 99 NY2d 509 [2003]).
Upon review of the record and considering the nature of the prior neglect findings, the passage of time, and the questions concerning the degree of progress made by respondent over that time, we find that there are triable issues of fact precluding summary judgment (see CPLR 3212 [b]; Matter of Karm'ny QQ. [Steven QQ.], 114 AD3d at 1103; Matter of Brandie B. [Barrington B.], 109 AD3d 987, 988 [2d Dept 2013]; Matter of Suzanne RR., 35 AD3d 1012, 1013-1014 [3d Dept 2006]). Petitioner's motion was centered upon the two prior findings of neglect and respondent's failure to abide by the corresponding orders of disposition, as outlined above. However, the petition itself acknowledged that respondent had recently become more compliant with petitioner, resulting in expanded visitation with her children, and had been making improvements in her engagement with services and communication skills. According to the petition, respondent had put together a safety plan for the subject child to live with her, and petitioner saw this as "a strength" and was "hopeful in working with" respondent on this plan. Further, petitioner pointed out in opposition to the motion that she had improved her housing and employment situation and ended a relationship with an abusive partner.
Accordingly, the matter must be remitted for a fact-finding hearing concerning the allegations in the petition (see Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1097 [3d Dept 2013]; Matter of Suzanne RR., 35 AD3d at 1014). Under the circumstances, we find it appropriate to remit to a different judge for the purpose of conducting the hearing.
Lynch, J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision before a different judge.

Footnotes

Footnote 1: Although Family Court indicated during an appearance that it had granted summary judgment, and made further reference in its dispositional order to summary judgment having been granted, the record on appeal contains no written order awarding such relief.

Footnote 2: Contrary to petitioner's contention, it was not necessary for respondent to file a notice of appeal from the order denying the motion to dismiss, because the appeal from the final dispositional order necessarily "brings up for review all non-final orders that affected the judgment" (Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1095 n 3 [3d Dept 2013] [internal quotation marks and citation omitted]; see Matter of Kristie GG. v Sean GG., 168 AD3d 25, 27 n 1 [3d Dept 2018]).

Footnote 3: The attorney for the child has submitted an appellate brief in support of petitioner's position.