Matter of Phillip M.
2026 NY Slip Op 04059
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF PHILLIP M. --------------------------------------------- ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; PHILLIP M., RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
280 CAF 25-00452
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

MINDY L. MARRANCA, BUFFALO, FOR RESPONDENT-APPELLANT.
JULIE VILJOEN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ASHLEY JINDRA OF COUNSEL), ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Erie County (Shannon E. Filbert, J.), entered December 23, 2024, in a proceeding pursuant to Family Court Act article 10. The order denied respondent's motion to dismiss the petition.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that denied his motion to dismiss the neglect petition for, inter alia, lack of personal jurisdiction and failure to state a cause of action. We affirm.
Under the circumstances of this case, we reject the father's contention that Family Court erred in denying the motion insofar as it sought to dismiss the petition for lack of personal jurisdiction (see Family Ct Act § 1036 [d]; Matter of Carolyn Z., 53 AD3d 875, 876 [3d Dept 2008], lv dismissed 11 NY3d 807 [2008]). We also reject the father's contention that the court erred in denying the motion insofar as it sought to dismiss the petition for failing to state a cause of action for neglect. On a motion to dismiss, "[t]he court may not dismiss a neglect petition if, 'accept[ing] as true the allegations set forth in the petition . . . and afford[ing] the pleading a liberal construction[,] . . . the petition sets forth sufficient factual allegations which, if proven at [a fact-finding hearing] by a preponderance of the evidence, would sustain a finding of neglect' " (Matter of Courtney G., 49 AD3d 1327, 1327 [4th Dept 2008]; see Matter of Ja'layna FF. [Jalyssa GG.], 211 AD3d 1363, 1365 [3d Dept 2022]). Petitioner is afforded the benefit of every favorable inference that can be drawn from the allegations set forth in the petition (see Matter of Yaqoob A.-S. [Bushra A.], 229 AD3d 540, 541 [2d Dept 2024]). Here, the allegations against the father were facially sufficient to state a cause of action for neglect (see Ja'layna FF., 211 AD3d at 1365-1366; Courtney G., 49 AD3d at 1327-1328).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court